JOHN B. TILFORD, Appellant, *v.* CHARLES G. RAMSEY, Respondent.

*Partnership.*—A note given in the firm name with consent of all the partners, for the debt of one of the partners, is a partnership debt, and the firm is liable to the holder as principal debtor, and such note can be renewed by any of the partners.

*Appeal from St. Louis Court of Common Pleas.*

*Hitchcock*, for appellant.

I. That the note first given was in every sense a partnership debt will not be disputed. It was not a joint debt of the two partners, but a debt of the firm as such. The holder of that note was entitled to all the rights of a creditor of the firm not only as against the two partners individually, but as against the partnership assets *eo nomine.* The note being made in the name of the firm, by one partner, at the express request of the other, and with full consent to the proposed application of the proceeds, the lender also expressly requiring and taking the promise not of either partner, nor of both partners, but of the firm as such, it cannot be distinguished from any other debt contracted by the firm, no matter how strictly for the purposes of its legitimate business—Finley v. Lynn, 6 .Cranch, 238 ; Rogers v. Batchelor, and Livingston v. Rosevelt, 1 Am. L. C. 406–53 ; Hickman v. Kunkle, 27 Mo. 401; 403; Cayton v. Hardy, id. 536; also, 10 Wend. 461 ; 2 Bailey, 109 ; 3 Conn. 194, 198 ; 8 Greenl. 417, 420;. 15 Pick. 276, 290; 6 Vt. 257; 12 Pick. 430, 436 ; 9 Ala. 313.

II. This being so, the question as to the second note stands precisely as if it had been given in renewal of any other

Tilford v. Ramsey.

debt of the firm contracted in the course and for the purposes of its legitimate business, and with the knowledge and consent of both partners. There can be no doubt whatever that Mitchell had authority to renew this first note in the firm name, and thereby bind the firm—See 3 Kent. Com. 10 ed. p. 45, (41 * in margin) ; Sto. on Part. §§ 101–3 ; Sto. Agency, § 124 ; Collyer on Part. § 195 ; Hickman v. Kunkle, 27 Mo. 403 ; Cargill v. Corby, 15 Mo. 425 ; see also 7 Dana, 367 ; 4 Shepley, 416 ; 18 Wend. 466 ; 10 Mass. 476 ; 12 id. 54 ; 15 id. 75, 331 ; 5 Pet. 529 ; 2 Pet. 198 ; Kirby, 77 ; 1 A. K. Marsh, 181 ; Har. & Johns. 28.

*Gray*, for respondent.

I. Knowledge of Bodley, plaintiff's agent, that Mitchell got the money for his own private use, was notice of that fact to plaintiff—Sto. Ag. § 140 ; Hill on Trus. 165.

II. The note was not made in the firm name and was therefore not binding on the firm—1 Pars. Notes, &c., 135, & note *r.* ; 9 Mees. & Welby, 284 ; 11 Ad. & El. 339. The firm name was Charles G. Ramsey & Co. The note declared on is executed in the name of Chas. G. Ramsey & Co. To bind the firm a note must be in the firm name ; this is not. The power of a partner to draw bills, notes, &c., is only implied, and may be rebutted, and if a third party have notice of want of authority, he cannot recover—15 Mo. 425 ; Hickman v. Kunkle, 27 Mo. 401, 536 ; Colly. Part. § 483 ; 3 J. J. Marsh. 527 ; 7 Mon. 798.

Holmes, Judge, delivered the opinion of the court.

The note sued on was given by one partner, who signed the name of the firm thereto as makers. It was endorsed for accommodation to the plaintiff by the payee. It was drawn and given in renewal of another like note, which had been executed to the plaintiff, and signed by the name of the firm by the other partner, for a loan of money which was received by the first partner for his own individual use, unconnected with the partnership business. It appears that the

plaintiff's agent was unwilling to make the loan directly to the individual partner, and to receive the signature of the firm merely as security on the note; and he required that the note should be given as a partnership note, and signed by the other partner himself. He was willing to make the loan to the firm, but not to the individual partner. It was understood by all the parties that the money was borrowed for the benefit of the individual partner; but the lender would not loan it otherwise than upon the name and credit of the firm. In such case, the loan is to be considered as made to the firm, and not to the individual partner. That the firm allowed the money to go to the individual partner for his own private use was a matter that lay wholly between the partners themselves, and did not concern the lender. It is laid down by Chancellor Kent, that if a note be given by one partner in his own name for money which is to be applied to partnership uses, he alone, and not the firm, will be bound to the lender—3 Kent's Com. 41. The borrowing partner, and not the lender, is then the creditor of the firm. So here, the borrowing firm, and not the lender, became the creditor of the individual partner. That the note given in the name of the firm, though in a matter which is not in its nature a partnership transaction, and not within the general scope of the partnership business, will bind the firm when it is done with the express assent, or under the implied sanction, of all the partners, there can be no possible doubt—3 Kent's Com. 42 ; Dob. v. Halsey, 16 J. R. 34; Ridley v. Taylor, 13 East, 175; Hickman v. Kunkle, 27 Mo. 401. Where the note is given with the express assent of all the parties, and with the understanding that the loan is made on the credit of the firm, it becomes a partnership debt as fully as if the money were to be applied to the business of the partnership. This note, then, was given for a debt of the firm itself.

When the note became due, it was renewed by the individual partner, signing the name of the firm, without again consulting the other partner. There was some evidence tending to show that this other partner (who had signed the

first note) had charge of the financial part of the business, and usually drew the notes and checks of the firm, though not always; but there was no proof of any positive restriction, by stipulation or agreement between the partners, upon the power of either partner to sign the notes in the name of 'the firm; nor that any such restriction was known to the plaintiff. The fact that one partner usually signed the notes and drew the checks of the firm, if it had been known to the plaintiff, would not have been enough to show a restriction upon the general authority of the other as a partner; and the circumstance that the original note had actually been signed by the other partner, with a full knowledge of the nature of the transaction, might fairly be taken by him as negativing any presumption that could arise from a knowledge of such general practice merely. The evidence, on the whole, tended to negative the existence of any restriction on the general authority of either partner. The whole case is thus reduced to the simple question, whether this partner had authority, as a partner, to renew the note of the firm, which had been given for a partnership debt. As the note was not paid when due, it may be presumed that the firm had not the funds ready to pay it, and that a renewal would be for the advantage of the firm. That each partner has power, unless restricted by some stipulation, to transact the whole business of the firm, is a well settled doctrine of the law of partnership—Sto. Part. § 101-2, & notes; Winship v. Bk. of U. S., 5 Pet. 529. It was not denied that it came within the scope of the general authority of this partner to give notes in the name of the firm in the usual course of partnership business. The original note had been made, by the act of the parties, a partnership transaction, as much as if it had been given in the immediate business of the firm; and either partner had the same authority to renew it that he had to give a new note for any debt of the firm.

Now, if the loan had been made to the individual partner on his own credit, or to any third person, and the name of the firm had been signed as an accommodation endorsement,

or as a security only, there would have been good ground to say that neither partner could have renewed it without the knowledge and assent of the other. He might not be willing to extend the liability of his firm in a transaction not within the scope of the partnership business, beyond that created by the signature already given. It does not come within the authority of a partner to sign the name of the firm in such a transaction, and, in such case, the authority must be proved by further evidence. It may sometimes be inferred from a previous habit and course of dealing. The matter seems to have been viewed in this light in the court below. But, as we conceive, the case is materially different where the firm itself is to be considered as the original debtor. The firm was bound to pay the first note, not as sureties merely, but as principals. If this partner had paid that note out of the funds of the firm, there could have been no doubt of his authority to do so. The giving of a new note in renewal was, in such a case, but another mode of payment; and the time gained must be deemed to have been for the advantage of the firm, rather than for the private use and benefit of the individual partner.

Another point raised was, that the renewed note was signed "*Chas*. G. Ramsey & Co.," when the name of the firm was "*Charles* G. Ramsey & Co." The court below seems to have treated this point as a matter of fact for the jury on the evidence as to its substantial identity; and in this respect we see no error in the instruction that was given on the subject. A partner has a general authority to bind the firm in the name of the partnership only, and his power to bind the firm by signing any other name is not to be implied from the mere existence of a partnership doing business under a name and style different from that which is signed, but must be proved by other evidence.

The question whether there is any substantial difference between the given signature and the name of the firm, may be left to the jury—Kirk v..Burton, 9 Mees. & Wels. 284; Kinsman v. Dallam, 5 Mon. 382. The difference here was

not material; it was a common abbreviation only; and a jury could be well warranted in finding that the name and the signature was the same.

There were several instructions, given or refused, on either side; but they all seem to have turned upon the points above discussed, and it is not deemed necessary to review them particularly. On a new trial, the instructions can be settled in conformity with this opinion.

Judgment reversed and the cause remanded. Judge Wagner concurs; Judge Lovelace absent.