JOHN B. TILFORD, Plaintiff in Error, v. CHARLES G. RAMSEY, Defendant in Error.

1. *Practice, Civil—District Courts, Judgments of reversal and remander in—Appeal from.*—It is now well settled that the judgments of reversal and remander in District Courts are such final judgments as will sustain an appeal or writ of error to the Supreme Court.

2. *Practice, Civil—Act reorganizing St. Louis Circuit Court—General Term—District Court—Appeals.*—Under the provisions of section 17 of the act reorganizing St. Louis Circuit Court (Gen. Stat. 1865, p. 890), as to the subject of appeals, the Supreme Court holds the same relation to the Circuit Court of St. Louis county, in general term, as to the District Courts of the State. The words "as is now or may hereafter be provided" refer to the whole subject matter of the appeal—as well to the character of the final judgments appealed from as to the manner of taking them up.

3. *Act amending act reorganizing St. Louis Circuit Court—Legislative interpretation of—Construction of Statute.*—The act amendatory of that reorganizing the St. Louis Circuit Court (Gen. Stat. 1865, p. 889), approved March 4, 1869, cannot have the force of a legislative interpretation of section 14 of said act, as it stood prior to its amendment, and a decision that no right of appeal to the Supreme Court from a judgment of reversal and remander in the Circuit Court, in general term, existed previous to said amendatory act.

Tilford v. Ramsey.

The Legislature, while it may make laws, has no power to interpret such existing laws as do not apply to its own duties.

4. *Practice, Civil — Judgment for excess — Reversal of — Remitter.* — Where a judgment is sought to be set aside or reversed, for the reason only that the judgment rendered was for too much, and plaintiff has filed below, though too late, a remitter of the excess, justice always demands that any court that has power to render judgment should accept the remitter and enter judgment for the true amount. But if plaintiff is at fault below in this matter, he should pay the costs occasioned by his negligence.

5. *Practice, Civil — New Trial — Discretionary with what court — St. Louis Circuit Court, in general term, is appellate.* — The order of court granting a new trial rests to a great extent in the discretion of the court, when granted by the same court in which the first trial was had. But this doctrine does not apply to courts of error. The Circuit Court of St Louis county, in general term, is an appellate court, like the District-Courts outside of St. Louis county; and its decisions in regard to the action of the Circuit Court in special term, made under section 17 of the act reorganizing the St. Louis Circuit Court (Gen. Stat. 1865, p. 887), should be governed by rules applicable to appellate courts.

6. *Practice, Civil — New Trial — Newly-discovered evidence.* — No rule is better settled than that new trials claimed on the ground of newly-discovered evidence will never be allowed unless the party has used due diligence to discover and produce the evidence.

### *Appeal from St. Louis Circuit Court.*

This case was substantially before this court before, and is reported in 37 Mo. 563. The facts are there set forth. On the trial plaintiff asked the following instruction, which was given:

" That if the jury believe from the evidence that the note here sued on was made by Abram S. Mitchell, and delivered at the date thereof to plaintiff or his agent, in renewal or satisfaction of a former note held by plaintiff, and due or about to be due ; and further believe that at said date said Mitchell and the defendant Ramsey were partners in business under the firm and style of Charles G. Ramsey & Co., and had been such partners for more than four months previous to said date ; and if the jury also believe that the note sued on was delivered by said Mitchell and received by plaintiff or his agent as the note of said firm of Charles G. Ramsey & Co., and that the note in renewal or satisfaction of which the note here sued on was so given had been executed four months previously by the defendant Ramsey himself, in the name of said firm, and had been delivered to plaintiff

or his agent, with said Ramsey's consent, as the note of said firm, in consideration of money loaned by plaintiff either to said firm or to said Mitchell for his own use; and if the jury also believe that the word or letters "Chas." are in fact a familiar abbreviation of the name "Charles," commonly known, used, and understood as such, and used as such by said Mitchell in signing the note here sued on — then the defendant Ramsey is liable to plaintiff for the amount of the note here sued on, with interest from maturity up to this time at the rate of six per centum per annum."

*Hitchcock & Lubke*, for plaintiff in error.

I. A writ of error may be prosecuted from a judgment of reversal by the general term of the St. Louis Circuit Court. (§ 17 of "An act to provide for the reorganization of the St. Louis Circuit Court," etc., Gen. Stat. 1865, p. 890.) (*a*) This section forbids only an appeal or writ of error as to a judgment of the special term. (*b*) There was a judgment of the special term, and the decision of the general term is a final one as to that judgment; and this final judgment this court has a right to review by writ of error. (*c*) The words "nor shall any writ of error be prosecuted to that court on account of any such judgment or decision," contained in the section referred to, mean the same thing with reference to writs of error that the words "but no such appeal shall be taken from any judgment or decision of said court at special term" mean with reference to appeals. A decision of the general term of the St. Louis Circuit Court upon a judgment of the special term is the same as the decision of a District Court; and this court has permitted appeals and writs of error from the District Courts in a case of this kind. (Strouse v. Drennan, 41 Mo. 289.) The reasons urged by the opinion of the court in this case apply as well to the case at bar. For the same reasons that the District Courts were created, the Legislature created the general term of the Circuit Court of St. Louis county.

II. The case is the same as when it was previously before this court (Tilford v. Ramsey, 37 Mo. 563), with this excep-

Tilford v. Ramsey.

tion: that the defendant attempted to prove that the plaintiff's agent had notice of the fact that Mitchell had no authority to use the firm name for the purposes of the firm before the time when the note in suit was given — *i. e.* the second one ; but in this he failed, as his own testimony and the affidavit filed with his motion for a new trial show. The instruction asked and given for the plaintiff presented the law to the jury as laid down by this court in 37 Mo. The affidavit filed by the defendant, with his motion for a new trial on the ground of newly-discovered evidence, does not show due diligence in procuring it. (Miller v. Whitson, 40 Mo. 97.) The instruction given required the jury to find all the facts necessary to entitle the plaintiff to recover under the opinion of this court in 37 Mo., and the case was also for that reason given to the jury properly.

III. The plaintiff has a right to remit for the excess of damages in the verdict of the jury even in this court. And the judgment of this court should be that the judgment of the general term be reversed, and that the plaintiff recover of the defendant $1,431.33, with interest from February 26, 1868.

*M. L. Gray,* for defendant in error.

I. A writ of error does not lie from the judgment of the St. Louis Circuit Court in general term, reversing the judgment of the special term and remanding for new trial. By section 15 of article VI of the constitution (Gen. Stat. 1865, p. 37), a Circuit Court for St. Louis county is provided for, having three judges, "all or a majority of whom shall constitute a court in bank, to decide questions of law and to correct errors occurring in trials." Section 1 of an act establishing the St. Louis Circuit Court, p. 887, vests in it the jurisdiction of the Common Pleas, etc.; and all powers there vested in said courts are vested in the Circuit Court of St. Louis county, as said court will be constituted under the fifteenth section of article VI of the constitution. Section 9, pp. 888–9, defines the general term of said court. Section 14, p. 889, defines the powers of the Circuit Court in general term. Section 17, p. 890, grants appeals and writs of error to the Supreme Court from final judgments or decisions of the Circuit

27—XLIII.

Court in general term. The judgment of the Circuit Court in general term is not a final judgment. Final judgments are such as at once put an end to the action. (3 Blackst. Com. 398; 1 Kent, 316; 24 Pick. 300; 3 Wheat. 433; 6 How. 201, 209; 5 N. Y. 571; 4 N. Y. 415; 4 How. Pr. 78; 6 *id.* 280; 15 *id.* 57; 7 Mo. 348.) The Circuit Court in general term is not a separate and distinct court from the Circuit Court in special term. In both capacities it is the Circuit Court of St. Louis county, and this peculiarity in the organization of the court makes the case entirely different from the case of the Circuit and District Courts outside of St. Louis county. In other parts of the State the District Courts are appellate courts, entirely distinct and separate from, and superior to, the Circuit Courts. (Gen. Stat. 1865, p. 36, § 12.) But in St. Louis county there is but one court, one clerk, but three judges; and whether those judges sit in special term or in general term is immaterial—in each capacity it is the Circuit Court. When the Circuit Court in bank reverses and sets aside the judgment of the Circuit Court in special term, there ceases to be any final judgment of the Circuit Court within the meaning of the definitions of a final judgment above cited. In view of the difference in organization in the District and Circuit Courts outside of St. Louis county and the organization of the St. Louis Circuit Court, we claim that the case in 41 Mo. 289 is no authority in the case before the court, and such is the general opinion of the St. Louis bar. In New York, from whose code and practice, as was said in 41 Mo. 294, ours is in many respects derived, neither an appeal nor writ of error would lie in a case like the present. (3 Code Rep. 72; 4 How. 364; 1 Comst., N. Y., 610, 534, 536; 3 Comst., N. Y., 545; 15 N. Y. 595; 33 Mo. 376.) The cases in New York (independent of this statute of 1857, allowing appeals, etc., from orders granting new trials), which appear somewhat conflicting, may all be reconciled on this principle: when the cases do not originate in the Superior or Supreme Court, but come there from an inferior or subordinate court, a reversal by the Supreme Court may be appealed from, but not where the Supreme Court in general term grants a new trial in a case origi-

Tilford v. Ramsey.

nally brought in that court. (3 N. Y. 546.) This same rule would justify the decision in 41 Mo. 289, and cases there cited, and in 5 Mo.; and this same rule would require this court to hold that there is no appeal from order of new trial in the general term of the St. Louis Circuit Court. At one time the statute of New York permitted an appeal from an order granting a new trial, on condition that the appellant should stipulate, if his appeal was overruled by the appellate court, that the judgment should be final. Under this statute the Court of Appeals held the party to a strict compliance with the terms of the statute, and would reverse only for errors of law. (18 N. Y. 493; 19 N. Y. 207; 23 N. Y. 343; 20 N. Y. 522.) In cases like the one now before the court, the United States Supreme Court hold that no appeal will lie. (12 Wheat. 135; 4 How. 465; 5 How. 51.) The Circuit Court, in general term, in its discretion, may grant a new trial on questions of fact, just as the special term may; and if the new trial be granted on questions of fact, the appellate court will not review by affirm. (18 N. Y. 493; 19 N. Y. 207; 20 N. Y. 522; 23 N. Y. 343.) Whether an appeal or writ of error will lie from the judgment of the Circuit Court, in general term, granting a new trial, is a question of intention of the Legislature as expressed by the statute. The statute does not in any express words give the right, and it certainly does not exist unless such a judgment is final. Can a judgment of the Circuit Court setting aside its own judgment be final? Does it put an end to the action? The reversal of the St. Louis Circuit Court in general term does not act on another and inferior court, as in New York, where their courts have so decided, but it acts at once on its own judgments, and vacates them; and the result is that there is no judgment after new trial granted. The case is still pending and undecided in the Circuit Court. The last Legislature has now passed a law authorizing an appeal to the Supreme Court from a judgment of the general term, granting a new trial. If this be so, the Legislature has itself construed the present statute as we construe it.

II. The Circuit Court, in general term, committed no error in reversing the judgment of the special term, but were bound in

law to do so. The judgment was for $61.17 too much — as plaintiff, on the 22d of August, 1868, admitted by his attempt to remit. For this error, if no other, the general term was bound to reverse. If plaintiff had, before the general term decided the case, remitted this sum, it would no doubt have taken away the ground of reversal. But the plaintiff did not remit until altogether too late, and their action therefore was right in reversing. (*a*) If part of a judgment be remitted, the erroneous judgment must be set aside, and a new judgment must be entered. (26 Mo. 489.) (*b*) The offer of plaintiff, in vacation, to remit, after the general term had acted and sent the case back for trial, and after one term of the court had elapsed (June term, 1868), availed nothing; nor does his offer to remit now, in this court, avail him anything. (18 N. Y. 493.) If the defendant were here asking a reversal on the ground of an excessive judgment, plaintiff could remit and remove that ground, and this court would permit him to do it. But plaintiff is here asking this court to reverse the rightful act of the general term. If this court sees that that action was right, it will affirm because it was right. There is no middle course. (19 N. Y. 212.) The other instructions should also have been given.

III. The case made by defendant in his affidavit was sufficient ground for the general term to grant a new trial, if, in their discretion, the facts therein set out required it. In granting a new trial on facts presented, the courts of original jurisdiction have a large discretion, and the appellate court will not review or reverse for the exercise of that discretion, unless there has been a gross abuse of that discretion. (23 N. Y. 160.)

IV. The Legislature itself, in construing the original act establishing the St. Louis Circuit Court, did not consider that said original act gave the right of appeal from an order of new trial. The fact that the Legislature now gives the right of appeal in such case is a legislative construction of the original act, and shows that the Legislature did not construe the former act as giving an appeal or writ of error from judgment granting a new trial. When the Legislature says that the original act did not give an appeal, can the court, in the face of said construction

and declaration, hold that the Legislature did mean and intend by the original act to allow an appeal in such case? (*Vide* act amending an act reorganizing the St. Louis Circuit Court, approved March 4, 1869.)

BLISS, Judge, delivered the opinion of the court.

This case has once been before the court, and is reported in 37 Mo. 563. A trial by jury has since been had at a special term of the St. Louis Circuit Court, and verdict and judgment for the plaintiff. This judgment was reversed at a general term of the said court, and cause remanded, and is again brought here by writ of error. We must first inquire whether there is such a final judgment as will authorize this court to review it.

The defendant has cited numerous cases in the U. S. Supreme Court, and in the State of New York before the change of its code in this respect, where judgments of reversal and remander are held not to be such final judgments as will sustain an appeal or writ of error. But the general question is not an open one in Missouri. The Supreme Court, in Rankin v. Perry, 5 Mo. 501, and in Strause v. Dreman *et al.*, 41 Mo. 289, have settled, and well settled it, in favor of the right of appeal, and we need only to refer to those cases.

The only question that arises in this branch of the case pertains to the peculiar organization of the Circuit Court in St. Louis county. Section 9 of the act of December 19, 1865 (Gen. Stat. 1865, pp. 888–9), provides for general terms of the court, composed of all the judges sitting as a court in bank; also for special terms. The special term is held by one judge, who, with the exception of certain questions to be reserved for the general term, has "all the powers and functions he might have or exercise if he were the sole judge of the court;" and, by section 13, the court at said special term has power to vacate and modify its own judgments, decrees, or orders rendered or made at such term, as if the court were constituted with a single judge. So, with the exception of certain questions and issues of law reserved by section 10 for the general term, the Circuit Court of St. Louis county at its special term seems to be in all material

respects like the other Circuit Courts of the State. We have thus a Circuit Court held by a single judge, with ordinary jurisdiction, and with complete control of its records for the term.

The statute also provides for another Circuit Court to be held by the three judges of the county, independent of and supervisory of the Circuit Court at special term. This is called the Circuit Court sitting in general term, or sitting in bank, and is claimed to be analogous to the District Courts outside of St. Louis county. This will depend, so far as the question now raised is concerned, not at all upon the name of the court or the dove-tail character of the jurisdiction of the two branches, but upon the provisions of the statute pertaining to writs of error and appeals. If these provisions are substantially like similar provisions in relation to Circuit and District Courts of the State at large, the analogy, so far, exists.

The constitution gives to the District Courts appellate jurisdiction from the final judgments of the Circuit Courts, and the statute provides the manner of bringing such judgments into court by appeal or writ of error. Section 14 of the act organizing the St. Louis Circuit Court, as it stood when this case was appealed, provided that a "judgment or decree rendered, or order made, at special term, may be reversed, vacated, or modified at general term, for errors appearing in the record at special term," etc. ; and directed that "the court shall prescribe by rule the manner in which every such judgment, decree, or order shall be brought up to general term for review, and remanded thence to special term." The analogy, so far, is that the District Court has appellate jurisdiction over judgments of the Circuit Court, and the Circuit Court of St. Louis county in general term has appellate jurisdiction over the Circuit Court in special term.

The principal difference consists in the facts that the law provides the manner of bringing cases from the Circuit Courts to the District Courts, while in St. Louis the same thing may be provided for by rules of court ; and, also, the St. Louis Circuit Court, at general term, has appellate jurisdiction over said court at special term in other than final judgments.

The appellate jurisdiction of the Supreme Court over final

judgments of the District Court has, as we have seen, received judicial interpretation, and we are only to consider the character of its jurisdiction over judgments of the St. Louis Circuit Court in general term. This matter is clearly settled by section 17 of the act reorganizing said court. It provides that "in cases of final judgment or decision of the said court at general term, an appeal to the Supreme Court may be taken, or a writ of error prosecuted therefrom, as is now or may be hereafter provided, by general law, in regard to the removal of causes from other Circuit Courts, or from District Courts to the Supreme Court," etc.

The words "as is now or may be hereafter provided" refer to the whole subject matter of the appeal — as well to the character of the final judgments appealed from as to the manner of taking them up ; so that as to the subject of appeals, as provided by this section, the Supreme Court holds the same relation to the Circuit Court of St. Louis county in general term as to the District Courts of the State.

Defendant's counsel submits to us a transcript of an act just passed, amendatory of the statute under consideration, in which, as an amendment to section 14, power is given to the court in general term "to award new trials, reverse or affirm the judgment rendered or decree or order made at special term," and which, upon conditions specified, provides for appeals to the Supreme Court from any "award of a new trial, and from any judgment rendered or decree or order made at general term reviewing or modifying a judgment rendered or decree or order made at special term," * * "in the same manner and with like effect as is provided for by law in respect to appeals from final judgments rendered by said court at general term ; " and it is urged that this grant of right of appeal from an award of a new trial is a legislative interpretation of the law as it stood, and a decision that no such right previously existed.

This act can have no such force. As a matter of fact, it is not probable that one-tenth of the members of the Legislature ever considered the question ; and as a matter of law, the Legislature, while it may make laws, has no power to interpret such existing laws as do not apply to its own duties.. This act is an amend-

ment to section 14, and enlarges the supervisory power of the court in general term over its action in special term, and grants a right of appeal to the Supreme Court in many cases where it did not exist, but leaves untouched section 17, which gives appeals from final judgments. The claim cuts the defendant's own throat. This amendatory act gives the court in general term power to award new trials at special term, which, according to the claim, is a legislative interpretation of the law as it stood, and a decision that no such power existed before. If so, the judgment in review is erroneous for that reason, and should be reversed.

The defendant complains of the instruction given for the plaintiff. It is not necessary to set it out, but only to remark that it conforms to the opinion of the court in 37 Mo. 563, and seems to be carefully drawn for that purpose. The court, indeed, there decided the whole merits of the case. There was no defense to the note, except that it was given for a private debt without the knowledge of the defendant, the other member of the firm; and the court held that it was given for a debt of the firm, and that the one who gave it had a right to do so. The various instructions asked by defendant either contradict the opinion referred to or are unsupported by evidence, and were, hence, properly refused.

It is admitted that the judgment rendered was for too much, and the plaintiff has filed below, though too late, a remitter of the excess. Being filed out of time, we will treat it as filed in this court. When a judgment is sought to be set aside or reversed for this reason only, justice always demands that any court that has power to render judgment should accept the remitter and enter judgment for the true amount. As the plaintiff was at fault in this matter below, it is right that he should pay the costs occasioned by his negligence.

The defendant also claims that the order of the Circuit Court at general term, reversing the judgment and granting a new trial, rests to a great extent in the discretion of the courts, and cannot be objected to here. This is true when the new trial is granted by the same court in which the first trial was had. A certain discretion is left to the judge who heard the case; but the doctrine does not apply to courts of error. We have seen that the Circuit

Court of St. Louis county, in general term, is an appellate court, like the District Courts outside of said county; and its decisions in regard to the action of the Circuit Court in special term, made under section 17 of the act referred to, should be governed by the rules applicable to appellate courts.

The application of the defendant for a new trial, founded upon newly-discovered evidence, rests upon no foundation whatever. He files an affidavit that since he testified he has looked on his books, and is now able to fix the date of a certain conversation with plaintiff's agent. If the date was material, why did he not look them over before? He does not show that he could not have done so, and gives no excuse whatever for the neglect. No rule is better settled than that new trials for such causes will never be allowed unless the party has used due diligence to discover and produce the evidence. Any other rule would render trials endless.

This case having been once decided substantially by this court, and the matter being all before us, judgment will be rendered for the amount of the note, with interest at six per cent. from maturity, which the plaintiff should have recovered at the last trial in the Circuit Court. And as it was the plaintiff's fault that the excess was not at once remitted, he should pay the costs of the Circuit Court in general term, and of this court. The other judges concur.