THE STATE ex rel. BATES, Collector, Appellant, v. SHAW.

#### Division Two, May 21, 1901.

**Taxation: FINAL SETTLEMENT: ASSESSMENT.** A final settlement in the probate court by the administrator of an estate, can not be set aside, on the ground that taxes against the estate were then unpaid, if no taxes had at that time been levied. It is preposterous to impeach such settlement as having been made in fraud of the State's right to taxes, if the amount of the taxes now demanded was not then ascertained or ascertainable. A final settlement, like other judgments, can be set aside for fraud only where the fraud was exercised or resulted in the procurement of the judgment.

State ex rel. v. Shaw.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*H. C. Wallace, Jr.,* and *Wm. Aull* for appellant.

(1) The estate having been settled up and executor discharged, plaintiff has no remedy at law and could not and can not bring an action at law.   Humphreys v. Atlanta Milling Co., 98 Mo. 549; Bank v. Leyser, 116 Mo. 77; Turner v. Adams, 46 Mo. 99; Merry v. Freman, 44 Mo. 518; Alnut v. Loper, 48 Mo. 319; Iron Co. v. McDonald, 61 Mo. App. 567. (2) Where the State or a county has no legal remedy it can sue in equity to enforce payment of taxes.   Commissioners of Greene Co. v. Murphy, 107 N. C. 36; Winter v. Montgomery, 79 Ala. 481; North Carolina v. Georgia Co., 19 L. R. A. 485. (3) Taxes duly imposed upon the assets of an estate in process of an administration in the probate court are debts due the State, etc.   State ex rel. v. Tittman, 119 Mo. 561. (4) The Legislature evidently intended to place taxes on a different basis from other claims and to make them preferred demands—and it is made the duty of the administrator to pay them without having them allowed. State ex rel. v. Tittman, 103 Mo. 565; R. S. 1889, sec. 183.  (5) "An administrator's final settlement is conclusive only as to matters included in it." Nelson v. Barnett, 123 Mo. 570.   (6) Courts will scrutinize more closely ex parte judgment.   A judgment is usually the result of a contest between the parties where neither are under obligations to make greater disclosures than their interest requires.   But in a settlement like the one under consideration, nothing can be concealed.   Griffith v. Cody, 113 U. S. 93; Clyce v. Anderson, 49

Mo. 37; Houts v. Shepherd, 79 Mo. 144. (7) A claim may be allowed against an estate though not due, if due at a definite time. Pav. & Constr. Co. v. Prather, 58 Mo. App. 487; Cossett v. Vogel, 94 Mo. 646. So in this case, while the taxes were not yet due, they should have been paid or amount held back for the payment of same—having been assessed while the estate was in course of administration and it being duty of executrix to pay same. (8) The petition in this cause alleges that the executrix procured an order approving her final settlement and an order of discharge, well knowing that the taxes had been assessed and had not been paid, and also charges a fraudulent purpose on her part to avoid payment of taxes. In either event, whether her action amounted to an omission or concealment, fraud in law or fraud in fact, the order should, under the evidence and the allegations of the petition, be set aside and the administration of the estate reopened.

*Wm. H. Chiles* for respondent.

(1) There was no proof of any fraud, whatever, on the part of respondent, in procuring the final settlement and judgment complained of; the notice required by law was duly given, the matter heard and conducted in open court, and the evidence discloses nothing but good faith and open and fair dealing on the part of respondent. But actual fraud must be proven to set aside the final settlement of an estate. Mitchell v. Williams, 27 Mo. 399; Picot, Adm'r v. Bates, 47 Mo. 390; Lewis v. Williams, 54 Mo. 200; Sheetz v. Kirtley, 62 Mo. 417; Miller v. Major, 67 Mo. 247; Smiley v. Smiley, 80 Mo. 44; McLean v. Bergner, 80 Mo. 414; State ex rel. v. Gray, 106 Mo. 526; Nelson v. Barnett, 123 Mo. 564. And such fraud must be in the concoction or procurement of the judgment. Nothing short of this will answer. Moody v. Peyton, 135 Mo. 482; Hamilton

Vol 163 mo—13

v. McLean, 139 Mo. 678; Bates v. Hamilton, 144 Mo. 1; Fears v. Riley, 149 Mo. 49. Appellant relies solely upon some loose expressions of Judge BLISS in Clyce v. Anderson, 49 Mo. 37, which are expressly disapproved by this court in the case of Sheetz v. Kirtley, 62 Mo. 421. The other two cases cited by appellant are as follows: Houts v. Shepherd, 79 Mo. 141. Is a case of willful fraud in failing to charge assets received by the administrator. In Nelson v. Barnett, 123 Mo. 564. The settlement was surcharged on account of an admitted error in amounts of assets received by the administrator. If the matter complained of in this case is anything, it would be an "omitted debit" which the court says "will not render such settlement vulnerable to attack in a court of equity on the ground of fraud." Nelson v. Barnett, 124 Mo. 570. (2) It was as much the duty of the collector to present taxes for allowance as for administrators and executors to pay them. The statute makes provision for having such taxes allowed as demands. R. S. 1889, sec. 7626; State ex rel. v. Tittman, 103 Mo. 553; s. c., 119 Mo. 661. A tax is not a tax until it is due. In re Life Assn., 12 Mo. App. 52.

GANTT, J.—A bill in equity was filed in this case to set aside a final settlement made by defendant as the executrix of Samuel S. Shaw, deceased, late of Lafayette county in this State.

The charge is that on the first day of June, 1892, the said executrix had in her hands, as such, $17,950 belonging to the estate of her deceased husband, which was subject to taxation, and the same was duly assessed for the taxes of 1893, and said assessment became an obligation which it was the duty of said executrix to pay. That afterward, on November 16, 1892, she made her final settlement and was discharged without paying the taxes for the year 1893, although she well knew said estate

was liable for said taxes.

The defendant denied all concealment and fraud in the making or procuring her final settlement and discharge; averred that it was made after full notice thereof as required by law, and denied the said alleged tax was due or owing when she made her settlement.

On the hearing the circuit court dismissed the bill and rendered final judgment for defendant, and the collector appeals.

On the trial the relator offered in evidence an assessment list purporting to have been signed and sworn to by Nancy A. Shaw. This list was offered in evidence and relator attempted to show by the deputy assessor who assessed the township in which Odessa is situated, that Mrs. Shaw signed the list, but he admitted he did not know her signature and would not testify to it.

On the contrary, Mrs. Shaw testified it was not her signature and she did not give the list. It was shown that upon due notice Mrs. Shaw made her final settlement of her husband's estate in 1892, at the November term of the probate court. That at the time the taxes now sued for had not been levied and were not levied until the May term, 1893, of the county court thereafter, and were not due, so she could have paid them, until September 1, 1893. Not only was there no evidence whatever of any fraudulent practice in the procuring of her final settlement, without which, of course, said settlement became and was a final judgment and bar, but in the light of this evidence there could have been no such fraud.

As no tax had been levied, nor the amount of it ascertained, or at that time even ascertainable, and when subsequently levied could not have been paid before September 1, 1893, it is utterly preposterous to charge the executrix with fraud in making her settlement as the law required, because she did not keep the estate open solely for the purpose of paying taxes on it.

Carried to its logical conclusion the contention of the collector would have precluded the final settlement of the estate at any time, for if she should have kept the estate open until September, 1893, another assessment would have been due on the intervening first day of June, 1893, and so it must have continued *ad infinitum.*

The law is settled in this State that the fraud which will impeach and justify setting aside a final judgment, is fraud upon the court in the procuring of the judgment, and there was not a scintilla of evidence tending to prove any such fraud. [Hamilton v. McLean, 139 Mo. 678; Bates v. Hamilton, 144 Mo. 1; Fears v. Riley, 148 Mo. 59; Lewis v. Williams, 54 Mo. 200; Murphy v. DeFrance, 105 Mo. 53; Oxley Stave Co. v. Butler Co., 121 Mo. 614.]

The judgment of the circuit court is affirmed.

*Sherwood, P. J.,* and *Burgess, J.* concur.