KATHERINE DEVINE, Appellant, v, CITY OF ST. LOUIS.

Division One, April 13, 1914.

1. **NEW TRIAL: Discretionary: Appeal.** The granting of a new trial in civil cases on the ground that the verdict is against the weight of the evidence rests within the sound discretion of the trial court, and its action in that behalf will not be disturbed on appeal unless it appears that its discretionary power was abused, i. e., exercised in an arbitrary or improvident manner.

2. ————: **Excessive Verdict: Appeal.** The Supreme Court refuses to interfere with the ruling of the trial court granting

Devine v. St. Louis.

a new trial where, in an action for damages for injuries suffered by falling through a cinder sidewalk and severely spraining her ankle, the plaintiff, upon conflicting evidence as to the effect of the injury, received a verdict for $2000 and refused to file a remittitur for $800.

3. ————: ————: **Constitutional Question.** The granting of new trials where excessive damages have been given is not a denial of the right of trial by jury as safeguarded by section 28 of article 2 of the Missouri Constitution. In England the practice of granting new trials at the discretion of the court for miscarriages of the jury, including the award of excessive damages, was firmly established in the eighteenth century, and has continued unabated. It is a part of the common law of England adopted in the Territory of Missouri January 19, 1816, and it has during the entire period of statehood been a canon of constitutional and statutory interpretation.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*G. B. Arnold* for appellant.

(1) The verdict of the jury is not excessive. (2) The granting of a new trial on the ground assigned —assuming that the trial court had such power—was an abuse of judicial discretion. (3) In passing on this question this court ought to assume that the plaintiff's evidence is true, and indulge in her favor every fair and reasonable inference which the evidence sustains. (4) Section 28, art. 2, of our Constitution, declares that the right of trial by jury, ''as heretofore enjoyed, shall remain inviolate.'' The granting of a new trial, on the ground assigned, was a direct violation of the appellant's constitutional right of trial by jury. Burdict v. Railroad, 123 Mo. 221; Rodney v. Railroad, 127 Mo. 676. (5) The following English and American decisions and text writers will demonstrate beyond all doubt that, prior to and at the time of the adoption of constitutional government in this country, the English courts and judges had never as-

sumed the power to set aside the verdict of a jury, in this class of cases, on the ground of excessive damages, unless the damages were so excessive as to indictate passion or prejudice in the jury. Benson v. Frederick, 3 Burrough's Rep. 1846; Bennett v. Allcott, 2 Durnf. & East, 166; Duberley v. Gunning, 4 Durnf. & East, 651; Gough v. Farr, 1 Young & J. 477; Hewlett v. Cruchley, 5 Taunt. 277; Chambers v. Caulfield, 6 East, 244, 256; Lord Townsend v. Dr. Hughes, 2 Modern Rep. 150; Clerk v. Udall, 2 Salk. Rep. 649; Gilbert v. Burtenshaw, Cow. Rep. 230; Fabrigis v. Mostyn, 2 Black. Rep. 929; Leith v. Pope, 2 Black. Rep. 1327; 3 Graham & Waterman on New Trials, 1137-1158; 2 Tidd's Practice, 908; Wilford v. Berkeley, 1 Burrough's Rep. 609. (6) No case can be found decided by this court prior to the adoption of the present Constitution which holds or recognizes the doctrine that our courts have the power to grant new trials, in this class of cases, on the ground that the verdict was merely excessive. (7) It was always the rule in this State prior to the adoption of the present Constitution that the question of damages, in this kind of a case, was one exclusively for the jury, and their verdict was not subject to review by any court on the sole ground of excessiveness, unless the excess was so great as to raise a presumption that the jury were guilty of misconduct. Fallenstein v. Booth, 13 Mo. 427; Wells v. Sanger, 21 Mo. 357; Goetz v. Ambs, 27 Mo. 34; Kennedy v. Railroad, 36 Mo. 364; Walser v. Thies, 56 Mo. 92; Whalen v. Railroad, 60 Mo. 323. (8) If your Honors are of the opinion that under the common and statute law of this State, as it existed prior to the time of the adoption of the present Constitution, our courts and the English courts did not assert or exercise the power of setting aside verdicts on the ground of mere excessiveness alone, then we ask your Honors to overrule those decisions of this court which sustain this power and return to the rul-

ing in the cases of Gurley v. Railroad, 104 Mo. 211, and Rodney v. Railroad, 127 Mo. 676.

*William E. Baird* and *Truman P. Young* for respondent.

(1) A motion for a new trial is addressed to the sound discretion of the trial court. Its action in sustaining it will not be reviewed except where there is a clear abuse of discretion. Parker v. Britton, 133 Mo. App. 274; Gould v. St. John, 207 Mo. 631; Rodan v. Transit Co., 207 Mo. 406; Morrell v. Lawrence, 203 Mo. 363; Karnes v. Winn, 126 Mo. App. 712; Crow v. Crow, 124 Mo. App. 125; Mfg. Co. v. Construction Co., 124 Mo. App. 368. (2) Where a motion for new trial has been sustained this court can do nothing but affirm the ruling or reverse it with instructions to enter judgment on the verdict. In such case the court cannot reverse the ruling on condition that the appellant will enter a *remittitur*. This is true in the very nature of the case, for the appellant has no judgment of which he can remit a part. The jurisdiction of this court is appellate in such cases. To undertake to reverse the case on the condition that a *remittitur* is entered would be to try the case *de novo*. Ables v. Ackley, 126 Mo. App. 84; Chandler v. Gloyd, 217 Mo. 394. We cite this case though the ruling there was that the case might be reversed conditionally for the reason that the appellant had actually filed a *remittitur* in the lower court. (3) Where plaintiff appeals from an order sustaining a motion for new trial, defendant on appeal may argue any ground stated in the motion. It is not necessary that he shall have saved any exceptions. Smart v. Kansas City, 208 Mo. 162; Crawford v. Stock Yards Co., 215 Mo. 402; Taylor v. Railroad, 130 Mo. App. 589; Chlanda v. Transit Co., 213 Mo. 262; James v. Oliver, 129 Mo. App. 86; Chandler v. Gloyd, 217 Mo. 406; Green v. Terminal Assn., 211 Mo.

30, which contains *dicta contra*. (4) The ruling that the damages were excessive was not an abuse of the trial court's discretion. Feddeck v. Car Co., 125 Mo. App. 24; Fairgrieve v. Moberly, 39 Mo. App. 31, 29 Mo. App. 141; Doherty v. Kansas City, 105 Mo. App. 173; Bragg v. Railroad, 192 Mo. 365. (5) The power of the trial court to order a *remittitur* is well established. Chitty v. Railroad, 166 Mo. 445; Cook v. Printing Co., 227 Mo. 445; Clifton v. Railroad, 232 Mo. 715. The courts may also set aside verdicts as being inadequate. Fisher v. St. Louis, 189 Mo. 567; McCarty v. Transit Co., 192 Mo. 396.

BROWN, C.—The appellant seeks to recover damages for personal injury suffered by her in the city of St. Louis by falling through a cinder sidewalk on Brannon avenue. The cinder surface broke under her weight so that her foot went through into an excavation beneath it in such a manner as to seriously sprain her ankle. This occurred on January 4, 1908, and the ankle was still weak at the time of the trial, on March 14, 1910. There was much conflicting evidence as to her disability during the time intervening between the injury and the trial. The jury returned a verdict for $2000. The defendant in due time filed its motion for a new trial, stating among other grounds therefor the following:

"6. The court erred in overruling the demurrer to the evidence at the close of the whole case.

"11. The amount of the verdict is excessive and is not supported or justified by the evidence.

"12. The verdict is the result of sympathy, passion and prejudice for the plaintiff on the part of the jury, and against the defendant."

The trial court afterwards announced that it would sustain the motion and grant a new trial, unless the plaintiff should, within ten days thereafter, remit from said verdict the sum of eight hundred dollars.

This she refused to do, and after the expiration of the ten days allowed for that purpose the court sustained said motion and granted a new trial on the ground that "the verdict of the jury is excessive." The appeal is taken from this order.

I. The appellant insists in her brief that the verdict is not excessive; that "no man who has ever carried a rheumatic pain in a joint for two years— just acute enough to keep one fully advised of its presence—will ever say that $25 or even $50 a month is excessive compensation for his suffering;" and expresses doubt that "the learned jurist *nisi* was ever rheumatic or had ever had a bone broken or an ankle sprained, else he would not have laid his heavy hand on this verdict." The inference is that some member or members of this court may have been favored with a broader experience and therefore be qualified to check the exercise of the uneducated discretion of the trial judge. Whether or not we have that power in this case is the important question presented. In Hewitt v. Steele, 118 Mo. 463, we held that, "if the action of the court in granting the new trial can be sustained upon any ground set forth in the motion for that purpose, it is our duty to do so." This language was approved in Bank v. Wood, 124 Mo. 72, 76, in which this court, after quoting it, said: "Circuit courts have large discretion in the matter of granting new trials, particularly upon the ground that the verdict is against the weight of the evidence. This court has often ruled that, in law cases, where there is a conflict in the evidence, it would not review it and determine its weight, and it has as often declared it to be not only the right, but the duty of circuit courts to supervise the verdicts of juries and grant new trials, if the verdict is, in their opinion, against the weight of evidence. When there is a substantial conflict in

*Marginal note:* New Trial: Excessive Verdict: Discretionary Power: Appeal.

the evidence we should no more interfere with the action of the circuit court in granting a new trial than we should, in such case, interfere with the verdict which has been approved by that court." In McCarty v. Transit Co., 192 Mo. 396, 401, Judge LAMM for this court, after quoting a number of our own cases to sustain him, said: "The wise exercise of this judicial discretion on the part of circuit judges has always been encouraged by this court." In Taylor v. Railroad, 163 Mo. 191, we said that if when the motion for a new trial is presented, the court was of the opinion that the finding of the jury on the merits of the case was against the evidence "it was not only its province, but it was its plain duty to do as it did, set aside its finding and grant a new trial;" and it cites many cases in support of that statement. Coming to our later cases, we said in Gould v. St. John, 207 Mo. 619, 631-632, that in granting new trials the courts have much discretionary power and that where the weight of the evidence is involved this court will not interfere with that discretion, unless it has been unwisely exercised. We also said in that case, citing McKay v. Underwood, 47 Mo. 187, "that the granting of a new trial on the ground that the verdict is against the weight of the evidence rests peculiarly with the judge presiding at the trial." In Rodan v. Transit Co., 207 Mo. 392, 406, we said: "It must be assumed as a commonplace of the law, arising to the level of an axiom, that the granting of a new trial rests within the sound discretion of the trial court; and its action in that behalf will not be disturbed on appeal unless it appears that its discretionary power was abused, i. e., exercised in an arbitrary or improvident manner."

In Morrell v. Lawrence, 203 Mo. 363, 381, this court applied the same principle in a case where the ground assigned as a reason for granting a new trial was that the verdict was excessive. We said: "That is a point peculiarly within the province of the trial

judge, it is one that he is better qualified to judge than the appellate court, the law puts that important responsibility upon him and it advances the cause of justice when the trial judge courageously performs that duty." In this case we see no reason for departing from this rule. The evidence was conflicting, at least in its coloring as to the painful and disabling quality of the injury. The trial court had the plaintiff and all the witnesses before it, and was much better qualified than we to determine whether justice will be promoted by another trial. It may be that as in Goetz v. Ambs, 27 Mo. 28, cited by appellant, the verdict will be increased in another trial. If so the statute (R. S. 1909, sec. 2023) which permits but one retrial for this cause will relieve the courts of much of their responsibility.

II. The appellant insists that the action of the trial court and also of this court in the many cases to which we have referred are all in violation of section 28 of article 2 of the Constitution of our State, because they amount to a denial of the right of trial by jury as enjoyed before the adoption of that instrument in 1875, and that we should overrule our own more recent cases and turn to the good old doctrine which she thinks was held by us in Gurley v. Railroad, 104 Mo. 211, and Rodney v. Railroad, 127 Mo. 676. She says that we should do this if we are of the opinion that under the common and statute law of this State as it existed prior to that time our own and English courts did not assert or exercise the power now claimed. Acting upon the old theory that a recurrence to first principles is a great assistance to keep us from swerving from the right track it is well enough to refer to the early history of the power to grant new trials. The first reported case on that subject which we have read is the Slade case, Style, 138, which was

*Constitutional Questions: "Trial by Jury."*

decided in the King's Bench in 1648. It arose upon motion for judgment formerly stayed upon a certificate made by Baron ATKINS that the verdict passed against his opinion. BACON, J., said: "Judgments have been arrested in the common pleas upon such certificates;" but ROLL, J., held "it ought not to be stayed, though it have been done in the common pleas, for it was too arbitrary for them to do it, and you may have your attaint against the jury, and there is no other remedy in law for you; but it were good to advise the party to suffer a new trial for better satisfaction." The new trial was accordingly ordered. The next case we notice is Wood v. Gunston, page 466 in the same report, which was decided in 1655 in the King's Bench. Wood sued Gunston for slander and obtained a verdict for 1500$l$ damages. The defendant moved for a new trial on the ground that the damages were excessive. GLYN, C. J., said: "It is in the discretion of the court in some cases to grant a new trial, but this must be a judicial, and not an arbitrary discretion, and it is frequent in our books for the court to take notice of the miscarriages of juries, and to grant new trials upon them, and it is for the people's benefit that it should be so, for a jury may sometimes by indirect dealings be moved to side with one party and not to be indifferent betwixt them, but it cannot be so intended of the court; wherefore let there be a new trial the next term."

In 1773 the new trial seems to have got well into harness as appears from Vernon v. Hankey, 2 Term Rep. 113. In the meantime, in 1757, Bright v. Eynon, 1 Burr. 391, came up in the King's Bench, in which Lord MANSFIELD in a long and instructive opinion concurred in by the other justices and expressly indorsing Wood v. Gunston said: "Trails by jury, in civil causes, could not subsist now without a power somewhere to grant new trials." His masterly argument in this opinion will well repay perusal. We have been

greatly aided by the English cases collected and cited by the learned counsel for the appellant. They all recognize the power of the trial court, in the exercise of a proper discretion, to grant a new trial on the ground of excessive damages, and there is no instance on the part of an appellate court of an attempt to control that discretion. Wilford v. Berkeley, 1 Burr. 609, so cited, was an action for criminal conversation with plaintiff's wife, at the trial of which in King's Bench in 1758, Lord MANSFIELD presided. There was a verdict for 500l, and a motion to set it aside because it was excessive. The report states: "The court were all three, clear and unanimous, that although there was no doubt of the power of the court to exercise a proper discretion in setting aside verdicts for excessiveness of damages in cases where the quantum of the damage really suffered by the plaintiff could be apparent, or they were of such a nature that the court could properly judge of the degree of the injury, and could see manifestly that the jury had been outrageous in giving such damages as greatly exceeded the injury; yet the case was very different, where it depended upon circumstances which were properly and solely under the cognizance of the jury, and were fit to be submitted to their decision and estimate. And they held the case of criminal conversation with another man's wife to be of this latter kind."

We think, with the court in that case, that the damages accruing to one for criminal conversation with his wife are so largely personal and sentimental in their nature that judicial experience affords little or no aid in estimating them; so that the judge, with respect to them, labors under all the difficulties that beset the jury. The most of the English cases cited by appellant are of that general character. Benson v. Frederick, 3 Burr. 1846, is, however, an action like this, for personal injury, and well repays notice in this connection. It was brought against the defendant, a

colonel of the militia, for ordering the plaintiff, a common soldier, to be stripped, and receive twenty lashes from two drummers. Owing to the leniency of the drummers he did not suffer much injury, but the jury assessed his damages at 150*l.* The report states: "Lord MANSFIELD said, he had no doubt that it might be right to give an opportunity of reconsidering verdicts where excessive damages had been given. But in the present case he was not dissatisfied with the verdict: for Sir Thomas had manifestly acted arbitrarily, unjustifiably and unreasonably." Mr. Justice WILMOT, concurring, observed that "he had no doubt but that the court might look upon these damages to be too high, in a common and ordinary case, and had power to set aside the verdict and award a new writ of inquiry; yet, as in this case the defendant had acted very arbitrarily, and was well able to pay for it, he did not think the court was obliged to set aside the verdict that the jury had found." Mr. Justice ASHTON, concurring, said: "He was very full in vindicating the discretion of the court, to grant new trials, *even when the damages were ideal*: and cited the case of Wood v. Gunston. But as, in the present case, the defendant had acted very arbitrarily and unjustifiably, and under the circumstances that appeared upon the report, he did not think this to be a proper occasion for the court to set the verdict aside," so it seems that in that case a new trial was refused on the sole ground that all the judges thought the defendant only got what was coming to him. It contains the whole pith of the matter and vindicates the discretion of the court, even in cases where the action of the jury in the assessment of damages is "ideal." Leith v. Pope, 2 Black. 327, to which appellant's counsel directs our attention, is of the same character, and the court was influenced by a similar motive. The jury found a verdict in an action of malicious prosecution for 10,000*l.* The defendant moved for a new trial "on account of the outra-

Devine v. St. Louis.

geousness of the damages, which exceeded (it was said) all example." Justices GOULD, BLACKSTONE and NARES, in their opinion refusing a new trial said: "A prosecution thus aimed at the life of the plaintiff, and proceeding from such wicked motives, must evidence a most depraved and corrupted heart; for which, had he had an associate, both might have been indicted for conspiracy, and have received the most infamous, called emphatically the *villenous*, judgment. In such a case, the court cannot say that any sum assessed by the jury is too much, if the circumstances of the parties will warrant it. Now the plaintiff is a man of family, a baronet, an officer in the army, and a member of Parliament; all of them respectable situations, and which may render the value of an injury done to him, especially when directed against his life, adequate to 10,000*l*. The court cannot enter into stories of private scandal, which have been liberally propagated on both sides. This is the light in which the plaintiff appears upon the record and the evidence. The defendant appeared upon evidence to be exceeding wealthy, and well able to sustain such a verdict."

We can safely say that in England the practice of granting new trials at the discretion of the court for miscarriages of the jury, *including the award of excessive damages,* was firmly established in the eighteenth century, and has continued unabated. It is a part of the common law of England adopted in the Territory of Missouri on the 19th day of January, 1816, and which has during the entire period of our statehood been a canon of constitutional and statutory interpretation to which we have had frequent recourse.

We have carefully read the numerous Missouri cases to which counsel for appellant has referred, and greatly appreciate the industry and learning he has brought to our aid. They all deal with the power and

257 Mo. 31

duty of this court with respect to the verdicts of juries; but we find in them no authority against the proposition that the granting or refusing of new trials on the ground that the verdict is against the weight of the evidence rests peculiarly with the judge presiding at the trial, and that this discretion will not be ordinarily interfered with unless it appears that it has been unsoundly or arbitrarily exercised. This rule applies to the verdict in its entirety, without reference to whether the evidential weakness be in its amount or in some other controlling particular. In the former case, justice commends the practice by which it may be corrected by the action of the party for whom it is rendered, without the cost and delay of a new trial.

It follows from what we have said that the order of the circuit court for the city of St. Louis granting a new trial must be affirmed, and the cause remanded for further proceedings. *Blair, C.,* concurs.

PER CURIAM—The foregoing opinion of Brown, C., is adopted as the opinion of the court. All the judges concur.