## DODDS V. ROANE.

1. PRACTICE IN SUPREME COURT: *When appellant in default.*
   When the appellant is in default his appeal will be dismissed unless he
   has stayed execution of the judgment below by a supersedeas bond.

2. SAME: *Where judgment is excessive.*
   Where the record shows the only error to be an excess in the judgment
   for damages, this court will affirm the judgment at the appellee's cost,
   upon his remitting the excess.

APPEAL from *Jefferson* Circuit Court.
Hon. X. J. PINDALL, Circuit Judge.

*Jones, Martin,* for appellant:

*McCain,* for appellee:

Argued upon the facts and instructions, claiming that upon the whole record the judgment was correct and should be affirmed. *Jones v. State,* 29 *Ark.,* 130; 6 *Howard, U. S.,* 292.

ENGLISH, C. J. When this case was called for submission, appellant being in default, the appeal would have been dismissed, under the rule, but for the fact that the execution of the judgment of the court below was stayed by supersedeas bond; and on looking into the transcript we find that it might be affirmed from the bench, but for one error, there being nothing in any other point reserved by the bill of exceptions.

1. PRACTICE IN SUPREME COURT: When appellant is in default.

One of the grounds of the motion for a new trial was, that the damages found by the verdict were excessive; and that this objection is well taken may be made manifest by a brief statement of the facts.

2. When damages excessive.

Appellee, Sam C. Roane, sued appellant, Matthew M.

Dodds, in the circuit court of Jefferson county, for the value of forty tons of cotton seed. Stripping the complaint and evidence of all superfluous matter, the substance of the case made by Roane is, that having leased to Dodds (and his partner, Riley, not sued) a large plantation for the year 1877, he furnished them with forty tons of cotton seed, which were on the place and belonged to him, to plant their cotton crop, upon an agreement that they would leave on the place, out of their crop, at the expiration of their lease, a like quantity of cotton seed for his use. The lease expired at the end of the year, 1877, and the breach of the contract was, that Dodds and his partner disposed of and converted to their own use all the cotton seed produced by them, and left none on the place for the use of Roane, and he had to purchase seed from others to plant the crop of 1878. The evidence conduced to prove that cotton seed about that time was worth $8 per ton.

The verdict was rendered twenty-fourth of May, 1879, (the suit having been commenced twenty-sixth of April, 1878) and follows:

" We, the jury, find for plaintiff in the sum of three hundred and twenty dollars, and interest at 6 per cent., from January 1, 1877, amounting to $46.40, making in all $366.40." For this sum the judgment was rendered.

The court charged the jury that if Roane was entitled to recover, they might allow him interest at 6 per cent. on the money from the time it ought to have been paid.

The jury evidently found the quantity of cotton seed to be forty tons, and the value to be $8 per ton, making $320, and they allowed interest on that sum from the first of January, 1877, when there was no breach of the contract, according to the allegations of the complaint, and plaintiff's own evidence, before the first of January, 1878. The written lease between the parties was not entered into until

the twenty-fourth of January, 1877, and the verbal contract about the cotton seed was made after the signing of the lease. Roane had no right to demand the seed, and did not make any demand, and there was no default, before the first of January, 1878.

Interest on $320, the value of the seed, from the first of January, 1878, to the date of the verdict (twenty-fourth of May, 1879) is $26.82, and more than that should not have been allowed. Deducting this sum from $46.40, the interest awarded by the verdict, and the excess is $19.58.

If appellee will remit this sum, on the terms required by the rule, the judgment will be affirmed, otherwise it will be reversed and the case remanded for a new trial.