## LARY *vs.* LEWIS.

An owner of land was indebted to several persons.  One of them agreed with him, that if the debtor would make him a deed to certain land, he would take up the indebtedness and give time to the debtor to repay it, and that he would re-convey the land to the debtor when the latter paid the amount of the indebtedness. The debtor made the deed, but the creditor refused to comply with his part of the bargain.  He took possession of the land and held it during the years 1882, 1883, 1884, 1885.  In the year 1882, he received

only $150 for the land, but it was worth $250 per annum. The creditor testified that he was willing to make a deed if the debtor would pay him fourteen hundred dollars, the amount due. The jury found that a title be made upon payment of $470, which was reached by deducting from the total amount due the creditor $250 per annum for the land:

*Held,* that only $150 should have been charged for rent for the year 1882, which would make the sum to be paid, in order to obtain a title, $570. If the defendant in error will amend the decree so as to make that the amount to be paid, the judgment will be affirmed; otherwise it will be reversed.

(*a.*) This case was tried upon the evidence, without reference to the pleadings, and a new trial was asked, upon the ground alone that the verdict was not supported by the evidence.

February 9, 1886.

Contracts. Rents. Mesne Profits. Practice in Supreme Court. Practice in Superior Court. Before Judge LUMP-KIN Hancock Superior Court. April Term, 1885.

Reported in the decision.

JORDAN & LEWIS; C. W. DUBOSE; HARRISON & PEEPLES, for plaintiff in error.

REESE & LITTLE, for defendant.

BLANDFORD, Justice.

It is quite difficult to ascertain the case from the pleadings. They seem to have tried the case without reference to the pleadings, and the only assignment of error is, that the court erred in refusing a new trial; so we will treat the case as the parties themselves did. We make this out of the confusion which hangs around the case: Lary sold to Lewis 371 acres of land, for which Lewis paid him thirty-three hundred dollars. Lewis had afterwards become indebted to several persons some seven or eight hundred dollars, and also to Lary in all about $1,400. Lary agreed, if Lewis would make him a deed, that he would take up the indebtedness of Lewis and give him time to pay it, and that he

would re-convey the land to Lewis when he paid the four-teen hundred dollars. Lewis made the deed, and Lary refused to comply with his part of the bargain, and took possession of the land, and held it for the years 1882, 1883, 1884, 1885. The evidence shows that Lary only received $150 for the land in 1882, but that the same was worth two hundred and fifty dollars per annum. Lary testified that he was willing to make Lewis a deed to the land if he would pay the fourteen hundred dollars which he owed him. The jury found that Lary make Lewis a title to the land upon payment of four hundred and seventy dollars. It is conceded that the jury arrived at the verdict by al-lowing Lewis one thousand dollars for the rent of the land, which, deducted from the sum of $1,470 due Lary by Lewis, left $470, the sum found by the jury. It is manifest that the jury should not have charged Lary but $150 for rent for the year 1882, whereas they charged him two hundred and fifty for that year. It is certain that the sum of four hundred and seventy dollars decreed to be paid by Lewis to Lary should be five hundred and seventy dollars; and if the defendant in error will amend the decree, and make the same five hundred and seventy dollars, and pay the costs of bringing the case to this court, then the judgment of the court below will be affirmed; otherwise, let it be reversed and a new trial granted.

The parties have thought proper to try this case with-out reference to the pleadings. The court was invoked to grant a new trial alone upon the ground that the verdict is not supported by the evidence. The court refused the new trial; no errors of law are complained of. The judg-ment is affirmed, as before directed; otherwise, reversed.

Judgment affirmed on terms.