Tucker *et al. v.* Hyatt.

## TUCKER ET AL. *v.* HYATT.

[No. 18,324. Filed October 25, 1898.]

CONSPIRACY.—*Evidence.— Unsoundness of Mind of Co-conspirator.—* One who aids or abets, or otherwise procures a person of unsound mind to commit a wrongful act to the injury of another is liable in damages therefor to the person injured, and no error was committed in the trial of an action for conspiracy in refusing to permit defendants to prove that one of the defendants was of unsound mind at the time of the commission of the acts complained of. *pp. 335-337.*

SAME.—*Agreement.—Evidence.*—In order to establish a conspiracy it is not necessary that there should be direct evidence of any agreement. *p. 337.*

APPEAL AND ERROR.—*Assignment of Error.—Motion for Judgment.*— No question is presented on an assignment that the court erred in overruling appellant's motion for judgment in his favor, where no motion was made by either of appellants for judgment in his favor. *p. 337.*

SAME.—*Assignment of Error.*—The question whether appellee was entitled to judgment in her favor on the special verdict is not presented by an assignment of error "that the court erred in permitting appellee to remit $3,000 of the verdict and rendering judgment on the remainder." *p. 337.*

JUDGMENT.—*Remittitur.*—No error was committed in permitting a remittitur by plaintiff of a part of the damages assessed and rendering judgment for the remainder. *pp. 337, 338.*

SAME. — *Defect Must Be Specifically Pointed Out.* — No question

Tucker *et al. v.* Hyatt.

can be presented on appeal to the rendition of a judgment on the verdict unless the objection in the court below particularly points out the defect or mistake therein and asks that the same be corrected. *p. 338.*

MALICIOUS PROSECUTION.—*Probable Cause.—Special Verdict.*—When a special verdict is returned in an action for malicious prosecution, the jury must find the facts, and the court determines from the facts found whether or not there was probable cause. *p. 338.*

CONSPIRACY.—*Special Verdict.*—It is not necessary that a special verdict in an action for conspiracy should find the evidence and all the surplusage contained in the complaint. *p. 338.*

From the Hamilton Circuit Court. *Affirmed.*

*Lemuel W. Royse* and *John D. Widaman,* for appellants.

*Frank D. Butler, Charles E. Averill* and *Fertig & Alexander,* for appellee.

MONKS, J.—Appellee brought this action against appellants. The complaint was in two paragraphs. It is alleged in the first paragraph, among other things, in substance, that the appellant Tucker had been sued by appellee for breach of promise to marry, and that the trial of said cause had resulted in a judgment in her favor, and the same was pending in this court on appeal; that there was another action pending in the state of Mississippi against said Tucker; that the interest of said Tucker in said cause was great, involving many thousand dollars, and prior to the commissions of the wrongs complained of by appellee she had testified as a witness in each of said causes against said Tucker, and was an important witness against him; that said cause in the state of Mississippi was set for a retrial before a jury on the 26th day of February, 1895, a day subsequent to the commission of the wrongs complained of, and she had promised and agreed to be present and testify as a witness in said cause in the state of Mississippi, all of which was well known to said Tucker prior to the

formation of the conspiracy by him and his co-appellants; that some time prior to January 28, 1895, appellants conspired together to unlawfully kidnap and decoy appellee from her residence in Peru, Indiana, to the city of Indianapolis, and there inveigle and entrap her into a house of prostitution, where she should be found, and to cause the fact to be made known and published in the newspapers, and thereby to blacken and defame her character and name, and to degrade and disgrace her, and subject her to the contempt and ridicule of society, all of which was done and carried out for the purpose of, and with the intent to, destroy the character and standing of appellee as a witness in said cause, and to destroy the force and effect of her testimony so far as the same should be adverse to said Tucker; that appellants did afterwards, in pursuance of said conspiracy, and in furtherance of their said corrupt design, inveigle and entrap her into a house of prostitution in the city of Indianapolis, where she was arrested on the charge of being a prostitute and taken to the police station; that she had no knowledge or means of knowledge of the character of said house until after her arrest.

The second paragraph sets forth the same facts in regard to the suits against Tucker, and the fact that appellee was an important witness against him in said causes; and when the cause was set for trial in Mississippi, and the conspiracy to destroy her character, and thereby destroy the weight and effect of her testimony in said actions against appellant Tucker, the same as the first paragraph. It is then alleged that in pursuance of said conspiracy appellants did, on the 31st day of January, 1895, at the city of Indianapolis, falsely and maliciously cause and procure appellee to be arrested by the police of said city, and to be by them transported through the

streets of the city, and to be imprisoned and incar-cerated in, and to be slated upon the records of said police station, as a prostitute; that said prosecution was instituted.maliciously, and without any probable cause whatever, in pursuance of said conspiracy; that upon the trial of said cause she was acquitted by the police court in which said charge was tried. A gen-eral denial to the complaint was filed by each appel-lant, and upon the issues so joined the cause was tried by a jury, and a special verdict returned, upon which, over a separate motion for a new trial by each appel-lant, judgment was rendered in favor of appellee. Each appellant has assigned errors, which are sub-stantially the same: (1) That the court erred in over-ruling the separate motion of appellant for a new trial; (2) that the court erred in overruling said ap-pallant's motion for a judgment in his favor on the special verdict; (3) that the court erred in permitting appellee to remit $3,000 of the verdict, and rendering judgment for $5,000.

It is assigned as one of the causes for a new trial in the motion of each appellant, that "the court erred in refusing to allow defendants to prove by the depo-sition of Robert Anderson that the defendant Eiler was, at the date of the commission of the alleged of-fense set forth in the complaint, a person of unsound mind, and that he was still a person of unsound mind at the time of the trial." The bill of exceptions re-cites that "the defendants, by counsel, offered to in-troduce in evidence the deposition of Robert Ander-son to prove the unsoundness of mind of William Eiler." The bill of exceptions shows that appellee objected to the introduction of the deposition, and that the objection was sustained. It will be observed that the offer was to prove "the unsoundness of the mind of William Eiler." No time was mentioned.

The offer so made had reference to the time of the trial. His unsoundness of mind at that time was no defense either for Eiler or his co-appellants. But, if the offer to prove the unsoundness of the mind of Eiler referred to the time of the commission of the wrongs complained of, does the record show that the court below committed reversible error in excluding the same? It will be observed that the offer to prove the unsoundness of mind of Eiler was made by appellants jointly, and the ruling of the court excluding the evidence offered was excepted to by the appellants jointly; that it is assigned in the motion of the appellant Eiler, as well as in each of the motions of the other appellants for a new trial, not that the court erred in not allowing the one making the motion to prove the unsoundness of the mind of Eiler, but that the court erred in "not allowing the defendants to prove the unsoundness of the mind of Eiler." No question is presented by the record, therefore, as to whether or not it would have been error to have excluded such evidence if it had been offered on behalf of Eiler alone. The only question presented by the record is whether such evidence was competent on behalf of all the appellants. It is clear that the unsoundness of the mind of Eiler at the time of the commission of the acts complained of, if a defense for him to either or both paragraphs of the complaint was no defense for his co-appellants. They were liable for his acts, as well as their own, in furtherance of the alleged conspiracy, the same as if he was a person of sound mind. No man can shield himself from liability for his wrongful acts on the ground that the person who assisted in carrying out and executing his wrongful purpose, or the wrongful purpose of himself and others, was a person of unsound mind. One who aids or abets or otherwise procures a person of

unsound mind to commit a wrongful act or acts, to the injury of another, is liable in damages therefor to the person injured, whether the person of unsound mind is or not.

It is next insisted that there was no evidence connecting appellant Tucker with said conspiracy, and that he is not, therefore, liable for the acts done by his co-appellants in pursuance of said conspiracy. There was no direct evidence that said appellant Tucker was a party to said conspiracy, but there was circumstantial evidence which, when considered in connection with the other evidence in the cause, was sufficient to sustain the special verdict of the jury against said appellant. In order to establish a conspiracy it is not necessary that there should be direct evidence of any agreement. 6 Am. & Eng. Ency. of Law (2d ed.), 864, 865. It is true that appellant Tucker testified that he had nothing to do with the acts complained of, but the jury were the exclusive judges of the credibility of the witnesses, and, for all that appears from the record, may have been justified in disregarding his evidence. As there was competent evidence which satisfied the jury, we cannot disturb the verdict on the weight of the evidence.

No motion was made by either of appellants for a judgment in his favor on the special verdict. No question is presented, therefore, by the second error assigned.

Neither is the question whether appellee was entitled to a judgment in her favor on the special verdict presented by the third error assigned. That error challenges the right of the court to permit $3,000 of the damages assessed to be remitted, and to render a judgment for $5,000 instead of the whole amount, $8,000. There was no error in permitting a remittitur

Vol. 151—22

by appellee of a part of the damages assessed, and
rendering judgment only for the remainder.   28 Am.
& Eng. Ency. of Law, 309-317; *Cleveland, etc., R. W.
Co.* v. *Beckett*, 11 Ind. App. 547, 552-554, and cases
cited.   Even if the assignment of error had been that
"the court erred in rendering judgment on the verdict
in favor of appellee," no question could have been
presented, because only a general objection and ex-
ception were taken in the court below to the judg-
ment, and no defect or mistake was specifically point-
ed out to the rendition of said judgment, nor was
any motion made to modify or otherwise change it.
It is settled law that, unless the objection particu-
larly points out the defect or mistake in the judg-
ment, and asks that the same be corrected, in the
court below, no question concerning the same can be
presented on appeal.   *Evans* v. *State*, 150 Ind. 651, 655,
656, and cases cited; *Jarrell* v. *Brubaker*, 150 Ind. 260,
and cases cited; *Cochrum* v. *West*, 122 Ind. 372, 377,
and cases cited; *Rardin* v. *Walpole*, 38 Ind. 146, 150;
*Smith* v. *Dodds*, 35 Ind. 452, 460; *Buell* v. *Shuman*, 28
Ind. 464, 466; Elliott's App. Proc. Secs. 345, 346.   We
have, however, examined the special verdict, and
every fact essential to a judgment on said verdict in
favor of appellee is set forth therein.   It was not
necessary to find as a fact that the prosecution al-
leged in the second paragraph was without probable
cause.   When a special verdict is returned in an ac-
tion for malicious prosecution, the jury must find the
facts, and the court determines from the facts found
whether or not there was probable cause.   *Helwig* v.
*Beckner*, 149 Ind. 131, 133, and cases cited.   Neither
was it necessary that the special verdict should find
the evidence and all the surplusage contained in the
complaint.   Finding no available error in the record,
the judgment is affirmed.