The Fla. South. R. R. Co., v. Steen—Syllabus.

THE FLORIDA SOUTHERN RAILROAD COMPANY, A CORPORA-
TION EXISTING UNDER THE LAWS OF FLORIDA, PLAINTIFF
IN ERROR, VS. A. M. STEEN, DEFENDANT IN ERROR.

1. Where railroad companies owning and operating their several
   roads enter into a voluntary association and a hospital
   and relief department is formed by the association for the
   several companies, and such department is operated in
   connection with the business of each company, employes
   of each company being required to be members of such de-
   partment and to contribute regularly to such department
   sums deducted from their wages by the company for the
   privilege of such membership, one of such companies is
   responsible for the compensation of a physician employed
   by its employes in pursuance of the regulations of the
   department to treat another employe injured by an ex-
   plosion in the shops of such company.
2. A physician employed in pursuance of the authority conferred
   by the regulations of the relief and hospital department
   of a railroad company to treat an injured employe in an
   emergency where the company's surgeon can not be
   reached, who was employed for no definite period of time,
   can not recover for services rendered after being notified
   that his services were no longer needed, as the hospital
   surgeons were then ready to take charge of the case, and
   properly treat the patient in the company's hospital.

This case was decided by Division A.

Writ of Error to the Circuit Court for Putnam County.

The facts in the case are stated in the opinion of the
Court.

*R. A. Burford* and *S. J. Hilburn,* for plaintiff in Error;

No appearance for defendant in Error.

CARTER, P. J.

Defendant in error sued plaintiff in error in the Circuit Court of Putnam county to recover for professional services as a physician and surgeon rendered by plaintiff in the treatment of an employe of defendant who was injured by the explosion of a boiler in defendant's repair shop. The declaration alleged that plaintiff was employed by certain authorized agents of the company. The defendant's pleas denied the employment of plaintiff and that the alleged agents had authority to employ him, and alleged that defendant notified plaintiff before he assumed to treat the injured employe that it would not be responsible for services rendered in such treatment. At the trial, had in November, 1899, plaintiff obtained verdict and judgment, from which judgment this writ of error was taken by the defendant.

The assignments of error insisted upon are based upon rulings with respect to testimony, instructions given and refused and the denial of the motion for new trial.

It appears from the testimony that plaintiff's services were rendered in the treatment of one Edward Kummer who was employed as a carpenter in defendant's repair shops at Palatka. Kummer was severely injured by the explosion of a boiler on January 23, 1897, and, according to plaintiff's testimony, he was requested by one George C. Cole, foreman of the carpenter department of the shops, to treat Kummer; Cole stating that the Company would pay for such treatment. Plaintiff had Kummer taken to his office where he performed an operation which he testified was worth $200. He continued to treat the patient for a long period of time until his recovery, and rendered a bill to defendant for $500 for his services. The authority of Cole to employ plaintiff was attempted

to be proven by certain regulations establishing a Relief and Hospital Department. The defendant company's road was part of the Plant System of railroads, and by the regulations aforesaid a department of the service of the several companies composing the Plant System was established to be known as the Relief and Hospital Department. Kummer was a member of that department by virtue of his position as an employe of defendant, and in accordance with the regulations $2.50 each month was taken from his wages at the company's shops on account of his membership. In accordance with these regulations employes who were members were entitled to certain benefits in case of accident or sickness, including medical treatment by the department physicians and surgeons. Regulation No. 72 provided that "in case of injury to employe or passenger, the company's surgeon who can be reached with the least delay should be called. If it be impracticable to secure a company's surgeon, the nearest competent surgeon must be called. He must be notified that the department will be responsible for the first visit only. The officials authorized to sign surgeon's orders are likewise vested with authority to employ surgeons in case of emergency as above." Under regulation No. 68, foremen in mechanical departments were authorized to issue surgeon's orders for themselves, car inspectors, cleaners and repairers. Every employe of the company, with certain exceptions not necessary to be specified, was required to be a member of the Relief and Hospital Department.

Under the assignment of error based upon the ruling denying the motion for a new trial it is insisted that the regulations gave Cole no authority to employ the plaintiff who was not connected with the hospital, because as it

contends Kummer was neither a car inspector, cleaner or repairer within the meaning of regulation No. 68. Kummer was a carpenter in the mechanical department of the repair shops, and as such was a "repairer" within the meaning of the rule empowering the foreman of that department to issue surgeon orders for "repairers." Such power gave Cole authority under regulation No. 72 to employ plaintiff in the case of Kummer in the emergency then presented.

It is also insisted that the regulations introduced in evidence created a Relief and Hospital department for the Plant System of railroads, and not for the defendant company, and that, therefore, the Plant System, and not the defendant, was responsible to plaintiff for services rendered. It does not appear that the Plant System was a separate corporation owning or operating the defendant's road. So far as we can gather from the record the Plant System was not a corporation, but there was a voluntary association of railway and steamship lines operated under the name of the "Plant System," and defendant corporation, though a member of and subject to the regulations of that association, was operating its own road, employing its own servants and agents, and its road was known as a division of the Plant System. Under the regulations prescribed for the Plant System the Hospital and Relief department was operated in connection with the defendant's business, it being one of the conditions of employment that employes should become members of the department and that certain sums should be deducted from their wages monthly on account of such membership. Under such circumstances the defendant company is responsible for the compensation of a physician employed in pur-

suance of the regulations of such Hospital and Relief department, to treat one of its injured employes.

It is also insisted that the verdict is contrary to the evidence, and that it is excessive. There is conflict in the testimony, but the court is of opinion that the jury were justified in finding for plaintiff, except as to the amount of damages which are deemed excessive. Plaintiff testified that Cole placed Kummer in his charge immediately after the accident, telling him to do all he could for him, to spare no expense, and the company would pay for it. He also testified that after he had performed the operation which he claims was worth $200 and made seven visits, worth $21, defendant's agent told him he would be paid for the operation and seven visits, but that the company would not pay any more as the company's physicians were then ready to take charge of the case. He replied that the agent would have to see Mrs. Kummer about that, as Mrs. Kummer had instructed him to remain with the patient. He did not claim that he was employed by defendant's agent for any definite time or to perform any particular service. On the contrary, he was called in under the emergency regulations of the Relief and Hospital department which contemplated that the employment might be only temporary. The testimony shows without contradiction that the company's agent offered to take charge of the injured man and have him treated by the Hospital physicians and surgeons, and that Mrs. Kummer refused to permit this to be done, saying it was her husband's wish, if he was ever seriously injured, to be treated by the plaintiff. There is no suggestion in the testimony that the Hospital surgeons were not competent, nor that the company's Hospital department was not fully prepared to properly treat the case. Under these circumstances the court is of opinion that plaintiff

can recover only for the operation and the first seven visits, and that the amount of the verdict, $425, which evidently allows for all services rendered Kummer, is excessive. The operation and first seven visits were valued by plaintiff at $221, which with interest from the beginning of the suit to the date of the judgment would amount to the sum of $237.70; whereas the verdict finds $425, or an excess of $187.30 over what should have been found under the valuations of services proper to be recovered for as estimated by the plaintiff.

The court has carefully considered the other rulings assigned as error and finds no reversible error in any of them.

The judgment of the court below will stand affirmed if defendant in error enters in the court below a remittitur for $187.30 as of the date of the judgment, but failing to do this within thirty days after the mandate of this court shall be received by the clerk of the Circuit Court, the judgment is reversed and a new trial granted. It will be ordered accordingly.