POSTAL TELEGRAPH CABLE COMPANY, A CORPORATION, *Plain-
tiff in Error*, v. SAMUEL W. SCOTT, *Defendant in Er-
ror.*

Opinion Filed August 14, 1918.

Petition for Rehearing Denied October 31, 1918.

1. The common law rule that contributory negligence bars
   recovery, is in force in this State, it never having been
   modified by Statute in this class of cases.

2. Contributory negligence to bar recovery does not clearly
   appear in this case.

3. Where it clearly appears that damages awarded are excessive a remittitur may be directed, in default of which the judgment will stand reversed.

Writ of Error to Court of Record for Escambia County; Kirke Monroe, Judge. ·

Judgment affirmed if remittitur be entered.

*E. C. Maxwell*, for Plaintiff in Error;

*R. P. Reese* and *John P. Stokes*, for Defendant in Error.

WHITFIELD, J.—This writ of error was taken to a judgment awarding damages for personal injuries. The declaration alleges in effect that a messenger boy employed by the defendant company while "engaged in calling for and delivering a certain telegraphic message for defendant, carelessly and negligently propelled and ran a certain bicycle with great force and violence at and against plaintiff, thereby" injuring him as alleged. Defendant pleaded not guilty and contributory negligence. The common law rule that contributory negligence bars recovery is in force in this State, it never having been modified by statute in this class of cases. Stearns & Culver Lumber Co. v. Fowler, 58 Fla. 362, 50 South. Rep. 680; German-American Lumber Co. v. Hannah, 60 Fla. 70, 53 South. Rep. 516; Ingram-Dekle Lumber Co. v. Geiger, 71 Fla. 390, 71 South. Rep. 552; Co-operative Sanitary Baking Co. v. Shields, 71 Fla. 110, 70 South. Rep. 934; Wauchula Mfg. & Timber Co. v. Jackson, 70 Fla. 596, 70 South. Rep. 599.

But contributory negligence does not clearly appear in this case. There is ample evidence to sustain the finding

22—Vol. 76.

which in effect is that the defendant's employee was negligent as alleged and that the plaintiff did not proximately and appreciably contribute to the injury he complains of. There is evidence from which it may be found that the plaintiff had gotten perhaps a third or halfway across the street or 18 or 20 feet from the sidewalks in crossing the street when he was struck by the bicycle which was going at undue speed, when there was apparently nothing to cause the collision if the rider had been in proper control of the wheel and exercised due care.

It does not appear, as against the finding of the jury that the plaintiff was careless.    He testified that he looked before proceeding to cross the street, and in crossing, saw nothing to imperil his safety until the wheel was upon him; and there is other evidence that the wheel was moving rapidly.

On a consideration of the entire record, it seems clear that the assignments of error do not materially affect the right of action; but some of them, at least, may go to the amount of the verdict and judgment, which is $5,-000.00.    It appears that the plaintiff's arm was broken and that he sustained other bruises that were not so serious, though there is evidence from which more or less continued suffering may be inferred.    Expenditures for treatment were small.    Considering the entire record, the award appears to be excessive, making a remittitur appropriate.  See Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 South. Rep. 714; Atlantic Coast Line R. Co. v. Pipkin, 64 Fla. 24, 59 South. Rep. 564; Arkansas Val. Land & Cattle Co. v. Mann, 130 U. S. 69, 9 Sup. Ct. Rep. 458; Devine v. City of St. Louis, 257 Mo. 470, 165 S. W. Rep. 1014; 51 L. R. A. (N. S.) 860.

If the plaintiff below enters a remittitur of $2000.00, the judgment will stand affirmed; otherwise the judg-

ment will stand reversed on the thirtieth day after the mandate is filed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.