THE ELKS CLUB OF TAMPA, A CORPORATION, *Plaintiff in Error*, v. FRANK ADAIR, FOREST ADAIR, JR., AND J. C. SENTER, CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME OF ADAIR & SENTER, *Defendants in Error.*

Division B.

Opinion Filed March 8, 1928.

*McKay, Withers & Ramsey,* for Plaintiff in Error;

No appearance for Defendants in Error.

BUFORD, J.—This was a suit for damages by the plaintiff in error who was plaintiff in the court below against the defendant in error in the Circuit Court of Hillsborough County, Florida, in which the plaintiff in error claimed that the defendant in error was liable to it for damage which had accrued to the plaintiff's building by reason of and as a direct result of the improper, careless and negligent manner in which it was alleged the defendant had proceeded with the construction of the building on a lot adjoining the plaintiff's building.

The declaration was in two counts and to each count the defendant filed pleas of not guilty. Trial was had resulting in a verdict for the plaintiff in the sum of $25,000.00. There was a motion for a new trial containing six grounds, as follows:

"First. That said verdict is contrary to the evidence.

"Second. That said verdict is contrary to the law.

"Third. That said verdict in contrary to the law and the evidence.

"Fourth. That said verdict is contrary to the charges of the court on the law.

"Fifth. That the court erred in giving the following charge, at the request of the plaintiff, to the jury, on the law: 'The Court further instructs you that the fact, should you find it to be such from the evidence, that the plaintiff's building before the beginning of operations on the adjacent lot by the defendants was already in a defective condition, would not justify negligence on the part of defendants in altering the condition of the adjacent property or excuse them from liability for injury occasioned thereby. In such event, the defendants were governed by the condition of plaintiff's building as they found it, were bound to conduct their operations accordingly, and any negligence on their part in failing to take reasonable pre-

cautions for the safety of plaintiff's building, however defective such building might be, would make the defendants liable to plaintiff for any damage to plaintiff's building proximately resulting from such negligence. Defectiveness of the injured building might lessen the damages to which plaintiff is entitled, but would not bar an action for its injury.'

"Sixth. That the verdict for damages, as rendered by the jury, is excessive."

The motion coming on to be heard, the Court entered order, as follows:

"This cause coming on this day for hearing, upcn the motion of the defendants to set aside the verdict of the jury and grant the defendants a new trial, which motion was filed at the same term of court at which said cause was tried, and within four days after the rendition of verdict, and the court having heard argument of ccunsel, and being of opinion that under the evidence it is not warranted in setting aside the verdict of the jury, but that the verdict as found by the jury is excessive, it is thereupon ordered, that if within fifteen days after the date of this order, the plaintiff shall enter and file in the clerk's office a remittitur in the sum of Ten Thousand Dollars ($10,000.00) the moticn for new trial shall be denied and judgment shall be entered in favor of the plaintiff and against the defendants for the sum of Fifteen Thousand Dollars ($15,000.00) damages, and costs, but that if the plaintiff shall fail or refuse to file said remittitur within the time aforesaid, the said motion for a new trial shall be granted, and the said verdict shall stand set aside, to which ruling of the court, the plaintiff duly excepted, and the plaintiff was allcwed ninety days after the entry of this order in which to prepare and present its bill of exceptions to be signed and settled, to which ruling of the court the defendants also

excepted, and the defendants were allowed nine'y days after the entry of this order with'n which to prepare and present their bill of exceptions to be signed and settled.

"DONE and ORDERED at Tampa, Florida, this 2nd day of September, 1926."

The plaintiff declined to enter the remittitur of Ten Thousand Dollars ($10,000.00) required to obviate a new trial and tcok writ of error from the order of the court granting the new trial.

A careful consideration of the record (which is unnecessarily voluminous, because the testimony appears not in narrative form but in the form of questions and answers) discloses no reversible errcr having occurred in the progress of the trial and the conclusion of the court as expressed in his order "and being of the opinion that under the evidence it is not warranted in setting aside the verdict of the jury," finds substantial foundaticn in the record as presented and we are unable to find in this record a proper foundation for the order of the court requiring the entry of a remittitur in the sum of Ten Thousand Dollars ($10,000.00) to avoid the order for a new trial.

We are mindful of the rule that a stronger showing is required to reverse an order allowing a new trial than to reverse one denying it. County v. Stringfellow, 74 Sou. 866, 73 Fla. 700; De La Vallina v. De La Vallina et al., 90 Fla. 905, 107 Sou. 339. The rule, hcwever, is now well established that the power of the court to permit or require the entry of a remittitur should only be exercised in cases where the amount of excess is apparent or is readily ascertainable. Dodds v. Roane, 36 Ark. 511; Larry v. Lewis, 76 Ga. 46; Tucker v. Hyatt, 151 Ind. 332; Whitehead v. Kennedy, 69 N. Y. 462. This rule was stated by Mr. Justice TERRELL in De La Vallina, supra, as follows:

"In requiring the entry of a remittitur to correct an

excessive verdict or judgment the general rule seems to be that the amount of excess must clearly appear from the record, and then if on the whole showing made by the record it appears that the damages awarded by the jury are excessive, the court may require a remittitur for the amount of the excess on condition that the judgment stand for the balance, otherwise a new trial will be granted. McLean v. Spratt, 20 Fla. 515; Fla. Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 South. Rep. 714; Postal Telegraph-Cable Co. v. Scott, 76 Fla. 336, 79 South. Rep. 767; Florida Southern Ry. Co. v. Steen, 45 Fla. 313, 34 South. Rep. 571; Standard Growers Exch. v. Martin, 80 Fla. 864, 87 South. Rep. 54; 2 R. C. L. 278.''

The record here fails to bring this case within the rules above stated and we are forced to the conclusion that the trial court attempted to substitute his own judgment for that of the jury without it appearing that the jury was influenced by prejudiced, biased or other improper influences. The proof submitted in the record would have supported a verdict for a larger amount than that which was named in the verdict of the jury and we are unable to point to any proof which either shows that the verdict was excessive in the sum of Ten Thousand Dollars ($10,000.00) or that it was excessive in any sum whatsoever.

The order granting the new trial is reversed at the costs of defendants in error and the cause is remanded with directions to the Circuit Court to enter final judgment for the plaintiffs as of May 28th, 1926, for the sum of Twenty-five Thousand Dollars ($25,000.00) to conform to the verdict of the jury as disclosed by the record, unless a motion in arrest of judgment or for judgment *non obstante verdicto* shall be made and prevail.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.