### J. D. SMITH v. JACKSON COUNTY.

183 So. 738.
Division A.
Opinion Filed October 15, 1938.

*John II. Carter* and *W. W. Flournoy*, for Plaintiff in Error;

*B. L. Solomon*, for Defendant in Error.

PER CURIAM.—As stated in the Per Curiam Order in this case, the writ of error is to an order granting a new trial upon failure of the plaintiff to enter within ten days a remittitur in the sum of $1,250.00 on a verdict of $2,500.00.

I think the trial court abused judicial discretion in requiring a remittitur for $1,250.00 under the evidence in this case. The rule applicable to the case is stated in The Elks Club of Tampa v. Adair, 95 Fla. 415, 116 So. 26, where we held:

"A careful consideration of the record (which is unnecessarily voluminous, because the testimony appears not in narrative form but in the form of questions and answers) discloses no reversible error having occurred in the progress of the trial and the conclusion of the court as expressed in his order 'and being of the opinion that under the evidence it is not warranted in setting aside the verdict of the jury,' finds substantial foundation in the record as presented and we are unable to find in the record a proper foundation for the order of the court requiring the entry of a remittitur in the sum of Ten Thousand Dollars ($10,-000.00) to avoid the order for a new trial.

"We are mindful of the rule that a stronger showing is required to reverse an order allowing a new trial than to reverse one denying it. County v. Stringfellow, 74 Sou.

866, 73 Fla. 700.; De La Vallina v. De La Vallina, *et al.,* 90 Fla. 905, 107 Sou. 339. The rule, however, is now well established that the power of the court to permit or require the entry of a remittitur should only be exercised in cases where the amount of excess is apparent or is really ascertainable. Dodds v. Roane, 36 Ark. 511; Larry v. Lewis, 76 Ga. 46; Tucker v. Hyatt, 151 Ind. 332; Whitehead v. Kennedy, 69 N. Y. 462. This rule was stated by Mr. Justice TERRELL in De La Vallina, *supra,* as follows: 'In requiring the entry of a remittitur to correct an excessive verdict or judgment the general rule seems to be that the amount of excess must clearly appear from the record, and then if on the whole showing made by the record it appears that the damages awarded by the jury are excessive, the court may require a remittitur for the amount of the excess on condition that the judgment stand for the balance, otherwise a new trial will be granted. McLean v. Spratt, 20 Fla. 515; Fla. Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 South. Rep. 714; Postal Telegraph-Cable Co. v. Scott, 76 Fla. 336, 79 South. Rep. 767; Florida Southern Ry. Co. v. Steen, 45 Fla. 313, 34 South. Rep. 571; Standard Growers Exchange v. Martin, 80 Fla. 864, 87 South. Rep. 54; 2 R. C. L. 278.'

"The record here fails to bring this case within the rules above stated and we are forced to the conclusion that the trial court attempted to substitute his own judgment for that of the jury without it appearing that the jury was influenced by prejudice, prejudiced, biased, or other improper influences. The proof submitted in the record would have supported a verdict for a larger amount than that which was named in the verdict of the jury and we are unable to point to any proof which either shows that the verdict was excessive in the sum of Ten Thousand Dollars ($10,000.00) or that it was excessive in any sum whatsoever."

In the instant case it appears that the evidence was conflicting; that there was substantial evidence to support a verdict for a great deal larger amount than that which was awarded by the jury and it appears that the trial court attempted to substitute its own judgment for that of the jury, without it appearing that the jury was influenced by prejudiced, biased, or other improper influences.

The record shows that the parties had a fair and impartial trial and that the jury was amply warranted by the evidence in returning the verdict which it did return in this case.

It is with great reluctance that the writer declines to approve the action of a conscientious and able trial judge, but there is a province in which judges have the supreme responsibility and, likewise, there is a province occupied by juries which judges are not authorized to invade. To warrant a trial judge in setting aside a verdict and granting a new trial, there must be a reason in law for that action. Otherwise, the judge in taking such action invades the province of the jury and departs from the salutary well established principles of American jurisprudence.

The order should be reversed with directions that a judgment be entered on the verdict, as the trial judge appears, from the contents of the transcript of the record before us, to have been correct in holding that there was no reversible error committed in the trial.

So ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

BROWN and CHAPMAN, J. J., concur in the opinion and judgment.

WHITFIELD, J., dissents.