108 So.2d 611 (1959)
Hugo KOVACS, Appellant,
v.
VENETIAN SEDAN SERVICE, INC., a Florida corporation, and E.N. McCorkindale, Appellees.
No. 58-220.
District Court of Appeal of Florida. Third District.
February 5, 1959.
*612 Kelner & Lewis, Miami, for appellant.
Ross Williams, Miami, and Guion T. DeLoach, Coral Gables, for appellees.
CARROLL, CHAS., Chief Judge.
Appellant's suit against appellees for personal injuries resulted in a jury verdict in his favor for $5,000. On motion of the defendant for a new trial the court made the following order:
"After due consideration of defendant's motion for new trial, it is,
"Considered, Adjudged and Ordered:
"(1) Defendant's motion for new trial is hereby denied if the plaintiff shall within ten (10) days from this date file a remittitur in this cause remitting Three Thousand Dollars ($3,000.00) from the Five Thousand Dollars ($5,000.00) verdict and recovery and judgment herein, thereby making the recovery for the plaintiff in the sum of Two Thousand Dollars ($2,000.00).
"(2) In the event the plaintiff does not file such remittitur within ten days (10) from this date then defendant's motion for new trial shall stand granted and thereupon the defendant shall have a new trial in said cause.
"Done and Ordered, in Chambers, courthouse, Miami, Florida, this March 13th, 1958."
On plaintiff's refusal to submit to the remittitur, that order by its own terms was converted into an order granting a new trial. Such an order is appealable.[1]
Section 59.07(4) Fla. Stat., F.S.A., requires the trial judge to indicate in his order the particular ground or grounds upon which he grants the motion for new trial, and limits review to a consideration of such grounds.[2]
The order granting a new trial in this case did not recite or specify any grounds. The provision for the remittitur is an "indication" that the court granted a new trial on the ground of excessiveness of the verdict.
A remittitur of an excess in a verdict, as an alternative to the granting of a new trial, is not an interference with the right to trial by jury, and does not amount to substitution by the court of its judgment for that of the jury. It only indicates an amount of recovery that the court considers excessive, and is a proper function of a court which is required by controlling law to consider the entire record and to administer right and justice thereon. Sewell v. Sewell, 91 Fla. 982, 109 So. 98; Malone v. Folger, 132 Fla. 76, 180 So. 522. But the excessiveness of a verdict which may prompt a remittitur is that which is capable of ascertainment from an examination of the record of the case. The rule was stated in De La Vallina v. De La Vallina, 90 Fla. 905, 107 So. 339, as follows:
"In requiring the entry of a remittitur to correct an excesssive verdict or judgment, the general rule seems to be *613 that the amount of the excess must clearly appear from the record, and then, if on the whole showing made by the record it appears that the damages awarded by the jury are excessive, the court may require a remittitur for the amount of the excess on condition that the judgment stand for the balance, otherwise a new trial will be granted. McLean v. Spratt, 20 Fla. 515; Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 So. 714; Postal Telegraph-Cable Co. v. Scott, 76 Fla. 336, 79 So. 767; Florida Southern Ry. Co. v. Steen, 45 Fla. 313, 34 So. 571; Standard Growers' Exch. v. Martin, 80 Fla. 864, 87 So. 54; 2 R.C.L. 278."
See, also, to the same effect, Elks Club of Tampa v. Adair, 95 Fla. 415, 116 So. 26; Smith v. Jackson County, 134 Fla. 354, 183 So. 738.
It can not be said that excessiveness of the verdict clearly appears from the record in this case. There was evidence of considerable out-of-pocket expenses, of pain and suffering, illness, aggravation of other illnesses, disability, and loss of earning capacity.
The question of proximate causation of resultant illnesses and conditions suffered by plaintiff was covered by testimony of a treating physician. The credibility and reasonableness of the doctor's testimony were questions for the jury to determine.
Without being called upon to express our view as to whether evidence submitted would have supported an even larger verdict than the $5,000 awarded by the jury, we have no difficulty in determining that the evidence as to damages could have been considered by the jury as adequate for the amount they found was due to the plaintiff as just compensation.
We repeat that on this review we are restricted by law to consider only the question of excessiveness as appearing on the record, and not other possible reasons for rejecting the verdict, since those, if there were any, were not indicated by the trial court in the order granting the new trial.
It is with considerable reluctance that we reverse an order granting a new trial, but for the reasons stated in this opinion we feel impelled to reverse the order appealed from and remand the cause for the entry of judgment on the verdict.
Reversed and remanded.
HORTON and PEARSON, JJ., concur.
NOTES
[1] "Upon the entry of an order granting a new trial, the party aggrieved may, without waiting for final judgment, prosecute an appeal to the proper appellate court, which, if the cause be reversed, may direct that final judgment be entered in the trial court for the party obtaining the verdict, unless motion in arrest of judgment or for judgment non obstante veredicto be made and prevail." § 59.04 Fla. Stat., F.S.A.
[2] § 59.07(4) id. provides: "New trials, review of order granting.  in every case in which the trial court shall enter an order granting a motion for a new trial, the trial judge shall indicate in the order granting said motion the particular ground or grounds upon which said motion was granted, and upon appeal from any such order, if taken under the statutes providing for appeal from orders granting new trials, no other grounds than those specified by the trial judge, as a basis for the order granting the new trial, shall be considered as arguable upon said appeal." See also Rule 2.6(d), 1954 Florida Rules of Civil Procedure, 31 F.S.A.