129 So.2d 706 (1961)
Shirley BACH, joined by her husband, Pincus Bach, Appellants,
v.
MIAMI TRANSIT COMPANY, a Florida corporation, and Solon Lee Wilder, Appellees.
No. 60-219.
District Court of Appeal of Florida. Third District.
April 17, 1961.
Rehearing Denied May 8, 1961.
*707 Julius H. Erstling, Miami, for appellants.
William H. Peeples, Kenneth L. Ryskamp, Miami, for appellees.
PER CURIAM.
A petition by appellees for rehearing, directed to the opinion filed herein March 16, 1961, was granted, and that opinion withdrawn and the cause reconsidered.
Appellants were plaintiffs in an action for damages for personal injuries received in an automobile-bus collision. Trial of the case resulted in a jury verdict for the injured plaintiff wife for $10,575 and for the husband in the amount of $1,766.50. The trial court made an order for remittitur of $4,575, or in the alternative for a new trial. The plaintiffs declined to enter the remittitur and appealed.
An order to remit part of a verdict which is considered by the trial court to be excessive, with the alternative of a new trial, is appealable under § 59.04, Fla. Stat., F.S.A., as an order granting a new trial. Section 59.07(4), Fla. Stat., F.S.A., requiring the trial judge to state the grounds on which a new trial is ordered, limits appellate review of such an order to the ground or grounds so given.
Where, as here, the only ground stated is excessiveness of the verdict, the verdict should stand unless its excess clearly appears from the record. Elks Club of Tampa v. Adair, 95 Fla. 415, 116 So. 26; *708 Smith v. Jackson County, 134 Fla. 354, 183 So. 738; Kovacs v. Venetian Sedan Service, Inc., Fla.App. 1959, 108 So.2d 611; Price v. Jordan, Fla.App. 1959, 115 So.2d 444; Mow v. F.P. Sadowski Corporation, Fla. App. 1960, 122 So.2d 46. Cf. De La Vallina v. De La Vallina, 90 Fla. 905, 107 So. 339.
As was stated in the case of Elks Club of Tampa v. Adair, supra, 116 So. 26, 27:
"We are mindful of the rule that a stronger showing is required to reverse an order allowing a new trial than to reverse one denying it. Carney v. Stringfellow, 73 Fla. 700, 74 So. 866; De La Vallina v. De La Vallina, et al., 90 Fla. 905, 107 So. 339. The rule, however, is now well established that the power of the court to permit or require the entry of a remittitur should only be exercised in cases where the amount of excess is apparent or is readily ascertainable. Dodds v. Roane, 36 Ark. 511; Lary v. Lewis, 76 Ga. 46; Tucker v. Hyatt, 151 Ind. 332, 51 N.E. 469, 44 L.R.A. 129; Whitehead v. Kennedy, 69 N.Y. 462. This rule was stated by Mr. Justice Terrell in De La Vallina v. De La Vallina, supra, as follows:
"`In requiring the entry of a remittitur to correct an excessive verdict or judgment the general rule seems to be that the amount of the excess must clearly appear from the record, and then if on the whole showing made by the record it appears that the damages awarded by the jury are excessive, the court may require a remittitur for the amount of the excess on condition that the judgment stand for the balance, otherwise a new trial will be granted. McLean v. Spratt, 20 Fla. 515; Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 So. 714; Postal Telegraph-Cable Co. v. Scott, 76 Fla. 336, 79 So. 767; Florida Southern Ry. Co. v. Steen, 45 Fla. 313, 34 So. 571; Standard Growers' Exch. v. Martin, 80 Fla. 864, 87 So. 54; 2 R.C.L. 278.'"
If the trial judge concluded there were other grounds for a new trial, whether or not appearing on the record, such as that the verdict was against the manifest weight of the evidence, or was arrived at through prejudice, passion, bias or other improper influence, or because the verdict followed a misconception of the evidence relating to the damages, or a misapplication of the applicable law, or represented a failure of the jury to discharge their duty as charged by the court with reference to damages, etc., it would be the duty of the trial judge (under § 59.07(4), Fla. Stat., F.S.A.) to state such ground or grounds in his new trial (remittitur) order. On appeal such an order then would be tested for support on the record for the ground of excessiveness, and also would be tested on the other ground or grounds which thus may have been assigned by the trial judge as the basis for his order for new trial, and the breadth of discretion and presumption of correctness which are to be accorded to such grounded orders (Cloud v. Fallis, Fla. 1959, 110 So.2d 669, 673) should and will be accorded them.
In the absence of a statement in the order of some such other ground or grounds we must view the ground of excessiveness of the verdict against the record of the case. Here the amount of the verdict is not such as to shock the conscience of the court, and excessiveness of the verdict is not apparent or readily ascertainable from the record. Therefore, the order for the remittitur, and in the alternative for new trial, was error and an abuse of discretion (Price v. Jordan, Fla.App. 1959, 115 So.2d 444, 447) and is reversed, and the cause is remanded for entry of judgment on the verdict, as provided for in § 59.04, Fla. Stat., F.S.A., "unless motion in arrest of judgment or for judgment non obstante veredicto be made and prevail."
Reversed and remanded.
HORTON, C.J., CARROLL, CHAS., J., and ODOM, ARCHIE M., Associate Judge, concur.