CARROLL, Judge.
This is an appeal from an order granting a new trial following the rendition of a verdict for $7,500 in favor of the plaintiff in a personal injury action. The trial court ordered a remittitur of $3,500 or a new trial. The ground recited in the order was that the verdict was shocking to the court.
The granting of a remittitur by a trial judge involves his consideration of the entire record (Kovacs v. Venetian Sedan Service, Inc., Fla.App.1959, 108 So.2d 611), and on appeal from an order granting a new trial for excessiveness it is necessary to look to the record to determine whether ex-cessiveness is disclosed. Bach v. Miami Transit Co., Fla.App.1961, 129 So.2d 706; Kraus v. Osteen, Fla.App.1961, 135 So.2d 885. We are unable to do that here because the record presented is incomplete. Substantial portions of the evidence were omitted. See Johnson v. Roberts, Fla.1955, 79 So.2d 425; Brown v. Householder, Fla.App.1961, 134 So.2d 801; Pan American Metal Products, Inc. v. Healey, Fla.App.1962, 138 So.2d 96. Those reasons which require affirmance here are aided by the presumption in favor of correctness of the ruling granting new trial. See Cloud v. Fallis, Fla.1959, 110 So.2d 669.
Affirmed.