ADKINS, Acting Chief Justice,
specially concurring:
This cause is a petition for writ of certio-rari to review a decision of the District Court of Appeal, Third District, reported at 334 So.2d 63. Petitioner alleges that the decision rendered by the District Court conflicts with decisions of this Court in Clouds v. Fallis, 110 So.2d 669 (Fla.1959); Bennett v. Jacksonville Expressway Authority, 131 So.2d 740 (Fla.1961); and Castlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla.1975), on the same point of law, namely, the test by which should be determined the propriety of an order of a judge granting a motion for a new trial.
The action was instituted by the respondent, Mrs. Hanson, both individually and as executrix of her deceased husband’s estate. Mr. Hanson was killed in a railway crossing accident involving a collision of a train operated by the petitioner-defendant railway company and an automobile driven by Mr. Hanson. Mrs. Hanson, as executrix, sought damages of $1,644, representing the amount of the funeral expenses. Mrs. Hanson, individually, sought wrongful death damages as allowed by law.
*432 The case was tried before a jury. The evidence was such that the jury could have found that both the railway company and Mr. Hanson were guilty of negligence which in combination was the legal cause of the accident. The trial judge denied a request of the railway company to submit interrogatories to the jury for findings as to the percentages of negligence of the railway company and Mr. Hanson. The jury returned a verdict which awarded to Mrs. Hanson, as executrix, the full amount of the damages claimed of $1,644, and awarded to Mrs. Hanson individually damages in the amount of $175,000. Judgment was entered on the verdict.
On defendant’s motion for a new trial, the court ordered a remittitur of one-half of the total of the awards, with a grant of a new trial in the event of rejection by the remittitur by plaintiffs. As grounds therefor, the Court stated:
“The Court finds that the jury verdict and Judgment entered thereon was unconscionable and not based upon the evidence, the Court being of the opinion, based upon the evidence and the law, that the decedent-driver was at least fifty per cent negligent and that there was no way for the jury to have found no negligence on the part of the decedent-driver; the verdict and Judgment entered thereon reflected total sums without reference to negligence on the part of the decedent-driver and thus such verdict and Final Judgment entered thereon is contrary to the law and evidence in this case; . . .”
Mrs. Hanson appealed. On appeal, the District Court reversed the remittitur and new trial order to the extent it related to Mrs. Hanson individually and affirmed the remittitur order to the extent it related to Mrs. Hanson as executrix.
The point urged here by petitioners is that the decision of the District Court reversing the trial court order for a new trial conflicts with this Court’s holding in Clouds v. Fallis, supra, and its progeny. In Clouds, this Court clarified the rule that the granting of a motion for new trial was an action within the sound discretion of the trial judge and that the ruling should not be disturbed except upon a clear showing by the appellant that the discretion had been abused. See Castlewood International Corp. v. LaFleur, supra; Hendricks v. Dailey, 208 So.2d 101 (Fla.1968); Russo v. Clark, 147 So.2d 1 (Fla.1962); Bennett v. Jacksonville Expressway Authority, supra.
In the case sub judice, the trial judge was motivated in granting the motion for new trial on the belief “that the jury verdict and Judgment entered thereon was unconscionable and not based upon the evidence.” In effect, he disagreed with the jury based on his perception that the award of damages to Mrs. Hanson individually did not reflect the relative fault of the railway company and Mr. Hanson. He so concluded on the basis that since the jury failed to reduce the damages to Mrs. Hanson as executrix by the percentage of negligence of Mr. Hanson, the jury also must not have reduced the damages to Mrs. Hanson individually by the percentage of negligence of Mr. Hanson.
Ordinarily a trial judge is given broad discretion in granting a new trial. But when it is apparent from the grounds stated in granting a new trial that the trial judge was acting under an erroneous assumption, then it is not a question of discretion.
As we stated in Clouds, when the trial judge concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial. But it was not a discretionary act for the trial judge to make an assumption that the jury misapplied the rules of comparative negligence simply because the jury did not reduce the damages awarded to Mrs. Hanson as executrix by the percentage of the negligence of Mr. Hanson. Indeed, as the District Court found, it may be more readily assumed that the award of damages to Mrs. Hanson individually involved a reduction based on a found percentage of negligence of Mr. Hanson, and simply because the jury awarded full recovery to the executrix should not result in depriving Mrs. Hanson individually *433 of the benefit of her jury award. The District Court supported this finding on the basis that the trial judge’s charge to the jury with respect to comparative negligence was addressed only to the claim of Mrs. Hanson individually and not to Mrs. Hanson as executrix and that in closing arguments Mrs. Hanson’s attorney requested an award of $600,000.
As we pointed out in Russo v. Clark, supra, an order granting a new trial is not sacrosanct, stating:
“[T]his Court has consistently held that such an order may be reviewed on the record for the purpose of ascertaining whether the exercise of judicial discretion implicit in the order has been abused.” 147 So.2d at 3.
But as alluded to above, this case is not one in which the trial judge granted a new trial on the basis that the verdict was contrary to the manifest weight of the evidence. Clouds, supra. On the contrary, the trial judge ordered a new trial on mere conjecture that the jury had not applied the rules of comparative negligence in arriving at the award of damages. It is therefore patent that the situation confronting the Court in this case is not the same as the one in Clouds.
In regard to the trial court’s remittitur order as to Mrs. Hanson individually, the District Court was within its authority in ordering a reversal. See Smith v. Jackson County, 134 Fla. 354, 183 So. 738 (1938).
Having concluded that no conflict has been demonstrated and that the decision of the District Court should not be overturned, the writ of certiorari heretofore issued in this cause is properly discharged.