McCORD, Chief Judge.
These are consolidated appeals by both parties from a final judgment.
Alma Sanders and her sister, Rose Feast-er, brought suit below against Munford, Inc., Nabisco, Inc., and Lumbermen’s Mutual Casualty Company alleging that they became ill from eating maggott-infested saltine crackers manufactured by Nabisco and sold by a store owned by Munford. The court directed a verdict against plaintiffs as to their claim against Lumbermen’s Mutual Casualty company. The jury exonerated Munford and returned a verdict of $3,500 for Sanders and $1,500 for Feaster against Nabisco. The trial court granted Nabisco’s motion for remittitur as to Sanders directing a $2,000 remittitur or, alternatively, granting a new trial. Sanders elected a new trial and filed this appeal contending that the court erred in not entering judgment in her favor in accordance with the jury’s verdict.
In ordering the remittitur as to the Sanders’ verdict, the trial court found that the verdict was “excessive, arbitrary and unsupported by the testimony and evidence.” The law relating to granting of a remittitur was stated by the Supreme Court of Florida in its opinion in Smith v. Jackson County, 134 Fla. 354, 183 So. 738 (1938), as follows:
“ . . . The rule, however, is now well established that the power of the court to permit or require the entry of a remitti-tur should only be exercised in cases where the amount of excess is apparent or is readily ascertainable.”
The Supreme Court there went on to say:
“It is with great reluctance that the writer declines to approve the action of a conscientious and able trial judge but there is a province in which judges have the supreme responsibility and, likewise, there is a province occupied by juries which judges are not authorized to invade. To warrant a trial judge in setting aside a verdict and granting a new trial, there must be a reason in law for that action. Otherwise, the judge in taking such action invades the province of the jury and departs from the salutory well established principles of American jurisprudence.”
*48 In a case factually similar to the cause sub judice, the Supreme Court in Food Fair Store's of Florida, Inc. v. Macurda, 93 So.2d 860 (1957), declined to set aside a verdict or order a remittitur. There a husband and wife ate worms from a can of spinach purchased at appellant’s store. The Supreme Court said:
“Finally, it is contended that the amount of the verdict is shockingly excessive indicating that the jury was persuaded by sympathy and passion rather than facts and law. We are asked to set it aside or order a remittitur. Ordinarily the amount of damages rests with the jury’s discretion exercised within the limits of the facts and the law applicable. This Court will not upset a jury damages award for alleged exeessiveness unless it can be said that the excess is such as to shock the judicial conscience, or indicates that the jury has predicated its conclusion on passion or prejudice. S. A. Freel Distributing Co., Inc. v. Lenox, 147 Fla. 550, 3 So.2d 157.
* * * * * *
We have not overlooked the cases cited showing smaller verdicts in similar cases from other courts. If we were fixing the amount of the award in the first instance they would be most persuasive. Viewing them as an appellate court, however, the disproportion between the analogies and the case at bar is not sufficient to force us to conclude that the jury here was motivated unduly by passion or prejudice. After all, that is the test.’’
The verdict here is not so excessive as to shock the judicial conscience or to lead to the conclusion that the jury predicated its verdict on passion or prejudice. While perhaps neither the trial judge nor this court would have awarded Sanders as large a verdict as did the jury, neither we nor the trial judge are at liberty to substitute our judgment for that of the jury.
Nabisco’s cross-appeal contends that the trial court erred in failing to grant its motion for directed verdict at the conclusion of the plaintiffs’ case in that there was no evidence that either plaintiff ate any deleterious substance; that there was no causal connection shown by plaintiff between the injury or damage complained of and their eating the saltine crackers. This cause was based upon implied warranty rather than negligence. Although circumstantial, the evidence is sufficient to support the jury’s conclusion that the two plaintiffs ate the deleterious substance and that eating same resulted in their illness. We have considered the other questions raised in the cross-appeal and find them to be without merit. The judgment as to Feaster is affirmed, but the judgment as to Sanders is reversed with directions to enter judgment for her in the amount of the jury’s verdict — $3,500 together with taxable costs.
MELVIN, J., and MINER, CHARLES E., Associate Judge, concur.