COWART, Judge.
The appellees, parents, purchased a used Volkswagen Rabbit from the appellant automobile dealer. The engine in the vehicle failed and the dealer replaced it. Nine months and 14,000 miles later, the parents noticed a couple of things were not right with the vehicle. Something was causing the vehicle to shudder and the engine was losing water. One day when the mother started the engine in the vehicle, the vehicle lunged backward, ran over and killed her three year old child.
The parents sued the automobile dealer for negligence on the theory, supported by expert witness testimony that, while installing the replacement engine, the dealer’s mechanic negligently dislocated a grommet holding a cable connecting the gear shift lever with the transmission, which permitted the transmission to be in reverse while the gear shift was in park or neutral, which condition allowed the automobile to start with the transmission in reverse, which condition caused the accident to occur.
During the jury trial, the trial judge denied the parents’ request for a jury instruction on the legal theory of res ipsa loquitur (Fla.Stand.Jur.Ins. 4.6). The jury returned a verdict in favor of the automobile dealer. The parents moved for a new trial, claiming that the trial court erred in denying their request for a res ipsa loqui-tur jury instruction. The trial court granted a new trial. The automobile dealer appeals. We reverse.
Under the facts and circumstances of this case, the trial judge properly denied the res ipsa loquitur jury instruction. See Marrero v. Goldsmith, 486 So.2d 530 (Fla.1986); City of New Smyrna Beach v. McWhorter, 418 So.2d 261 (Fla.1982). Without reviewing in unnecessary detail[1] the law relating to res ipsa loquitur, we simply hold that under the circumstances of this case, there were many reasonable ways that the transmission control cable grommet in question could have been dislocated other than by negligence on the part of the automobile dealer’s mechanic while replacing the engine, nine months and 14,-000 miles prior to the accident. For example, the grommet could have become dislocated as a result of original equipment design defect, or could have been dislocated before the engine was replaced, or could have been dislocated by road hazards, or during other automobile repairs, or in diverse other ways, either before or after the replacement of the engine by the defendant. The expert testimony evidence presented by the parents may have supported a verdict in their favor but it did not compel it as a matter of law. Under the *596 facts and circumstances the parents could not, and did not, establish that the dislocation of the transmission cable grommet could have occurred only when the engine was replaced although there was a possibility that it could have occurred at that time. The matter of considering, factually, the possibilities against the probabilities and weighing the net result was a matter of a judgment decision for the jury. The parents simply failed to meet their burden of convincing the jury. They were not entitled to have the court use the res ipsa loquitur concept to throw the legal burden of proof onto the defendant automobile dealer to convince the jury that the dealer’s mechanic did not negligently dislocate the grommet while replacing the engine.
The parents cite the usual cases holding that a trial court’s ruling granting a new trial should not be disturbed on appeal except on a clear showing that the trial court has abused its discretion[2] and that if reasonable men could differ as to the propriety of the action taken by the trial court, then there is no abuse of discretion.[3]
The parents’ evidence in this case fails to present a proper application of the doctrine of res ipsa loquitur and it is not so manifest or compelling that reasonable people (meaning the jury) could not differ as to whether the greater weight of the evidence established that the defendant was guilty of any negligence. As to the cause of the dislocation of the transmission control cable grommet, and the cause of this most unfortunate accident, the parents’ evidence was not “clear, obvious and indisputable”; hence, the jury verdict was not contrary to the manifest weight of the evidence[4] and should not have been overturned by the trial judge. Accordingly, the order granting the new trial is
REVERSED.
DAUKSCH and GRIFFIN, JJ., concur.

. See Yarborough v. Ball U-Drive System, 48 So.2d 82 (Fla.1950); Williams v. Hollywood Chrysler-Plymouth, Inc., 541 So.2d 1195 (Fla. 3d DCA 1988); 1 Florida Torts § 3.03[3] (1988).

. See Ford Motor Co. v. Kikis, 401 So.2d 1341 (Fla.1981); Florida East Coast Railway Co. v. Hanson, 355 So.2d 431 (Fla.1978); Cloud v. Fallis, 110 So.2d 669 (Fla.1959); Papcun v. Piggy Bag Discount Souvenirs, 472 So.2d 880 (Fla. 5th DCA 1985); see also, Castlewood Intl. Corp. v. LaFleur, 322 So.2d 520 (Fla.1975); Hendricks v. Dailey, 208 So.2d 101 (Fla.1968); Russo v. Clark, 147 So.2d 1 (Fla.1962); Bennett v. Jacksonville Expressway Authority, 131 So.2d 740 (Fla.1961).

. Smith v. Brown, 525 So.2d 868 (Fla.1988); Kikis; Papcun.

. Jones v. Stevenson, 598 So.2d 219 (Fla. 5th DCA 1992); see also, Perenic v. Castelli, 353 So.2d 1190 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1211 (Fla.1978).